THE PEOPLE *v.* JOHN KNEELAND, JACOB KECK, THOMAS KINGSTON, B. BRICKELL, W. B. HAYFORD, AND DANIEL HANEY.

LIABILITY OF SURETIES ON OFFICIAL BOND.—If after part of the sureties on an official bond sign the same the penal sum is changed, and as changed it is approved and filed for record, the sureties who sign before the change are not liable.

IDEM.—If after an official bond has been executed by a part of the sureties the penal sum is changed, and as changed it is executed by other sureties, the sureties signing after the change are not liable in an action brought on the bond as it was before the change.

*Per* RHODES, J.; CURREY, C. J., *concurring.*

OFFICIAL BOND.—To render the obligors on an official bond liable, it must be approved and filed for record.

APPROVAL OF OFFICIAL BOND.—The filing of an official bond for record is not a delivery of the same, unless it is preceded by an approval.

LIABILITY OF PRINCIPAL ON OFFICIAL BOND.—If after the principal obligor on an official bond has executed the same the penal sum is changed, and with his knowledge and assent it is then executed by other sureties, and he then forwards it for approval and record, he is liable on the bond as approved.

*Per* SAWYER, J.; SHAFTER, J., *concurring.*

APPROVAL OF OFFICIAL BOND.—If an official bond is received and acted on by the county officers as the official bond, the obligors are liable on the same even if it has not been approved.

APPEAL from the District Court, Fourteenth Judicial District, City and County of Sacramento.

Defendant, Kneeland, was an Assessor in Placer County, and the other defendants were sureties on his official bond. This was an action on the bond. The People recovered judgment in the Court below against the four sureties who signed before the change was made in the penal sum. The defendants appealed.

The other facts are stated in the opinion of the Court.

*Jo. Hamilton,* for Appellants. In order to make any official bond binding on the parties, it is not only necessary that proof be made that they signed *a* bond, but it must appear that they signed *the* bond in suit, and not only thus, but the bond signed by them must be delivered to and received and accepted by the party to whom it is made in satisfaction of the contract. The bond signed by appellants is neither the bond which was received and accepted by respondents, nor is it the bond in suit. They signed a bond for five thousand dollars— a bond not signed by Egbert and Haney. The bond exhibited in testimony is a ten thousand dollar bond, which was signed by Egbert and Haney, and which was never signed by appel-

lants or either of them, nor changed with their knowledge or consent. A surety has a right to stand on the precise terms of his contract. (*People* v. *Buster*, 11 Cal. 215.) The presumption is that one bondsman signed upon the understanding that the others would also. (*People* v. *Lane*, 14 Cal. 421; *People* v. *Hartley*, 21 Cal. 585.) But that presumption, and the whole bond itself, disappear, when it appears that the identity of the bond is changed before it is received by respondents, and that change is without the knowledge or consent of appellants.

*Tweed & Craig*, for Respondent. That the paper signed by appellants was delivered, filed, etc., is not disputed. That it was executed in good faith, put *in transitu* and forwarded to be approved and filed is not disputed. The facts complained of are that the word " five " before the word " thousand " was crossed with a pen, leaving it, however, still legible; that the word " ten " was inserted between said words " five " and " thousand," and that the names of Egbert and Haney were added to the signatures, after the execution by appellants, and before the approval and filing of the bond. That these acts, or any of them, were done by the procurement or connivance of plaintiffs, or with any design to affect fraudulently the rights of appellants, is not pretended. It is not claimed that any or all of these acts, if thus done, after the approval and filing of the bond, would have affected the validity of the bond or the rights or duties of appellants. (2 Parsons' Contracts, 226–7, and notes.) Upon what good reason then can it be said that appellants are not liable on this bond? The alteration of a bond duly executed, approved and filed, would not defeat their liability. A distinction is drawn between official bonds, conditional for the performance of public duties, and contracts between private parties, and it is held that the requirements of approval and filing are intended merely to give greater security to the public, and not for the benefit of the obligors. (*People* v. *Edwards*, 9 Cal. 286.) The approval and filing these are not necessary to create a liability on the

part of the obligors. If, then, neither the alteration of the bond after its execution, nor the want of approval and filing could defeat a recovery upon the bond, we are unable to see why the particular facts in this case could defeat such a recovery.

Per RHODES, J.; CURREY, C. J., concurring:

The bond mentioned in the complaint, as amended on the trial, is in the penal sum of five thousand dollars. It appears from the evidence that an official bond in that sum was executed by Kneeland, as principal, and four of the sureties, and was then sent by Kneeland to be approved and filed for record; but it was returned to Kneeland, that he might procure sureties in an additional sum of five thousand dollars. Two additional sureties then executed the bond; and at or before they signed it, the word "five" was erased, and the word "ten" inserted, so as to make the bond read, "in the penal sum of ten thousand dollars." The evidence clearly shows that it was the bond for ten thousand dollars alone that was approved by the County Judge.

There is an insuperable objection to a recovery on the bond under the allegations of the complaint. The first four sureties did not sign the bond that was approved and filed for record. The bond they did execute was not delivered—that is to say, it was not approved and filed for record. The doctrine announced in *People* v. *Edwards*, 9 Cal. 292, that a *defect* in the approval of an official bond cannot. be taken advantage of by the obligors, and which we think is sustainable under the provisions of section eleven of the Act of 1850, concerning official bonds, does not dispense with the necessity of an approval. Without an approval the bond cannot be admitted to record in the proper office. The last act—the filing for record—may of itself constitute the delivery; but the filing, to be effectual as a delivery, must be preceded by the approval. Delivery is requisite in order to give obligation and effect to a bond, whether it is an official bond or a bond of any other

description. The first four sureties are not liable upon the bond for five thousand dollars, because it was not delivered, nor are they liable on the bond for ten thousand dollars, because they did not execute it.

The principal occupies a position differing, in some respects, from that of the first four sureties, for the bond, after the alteration was made, was with his knowledge and assent executed by the last two sureties and was then forwarded by him to be approved and filed for record, his signature and seal still remaining to the bond, and he will therefore be deemed to have executed the bond as it read when approved. The judgment cannot be maintained against the principal obligor and the last two sureties, for the suit is brought on a bond for five thousand dollars and the bond they executed and which was offered in evidence was for ten thousand dollars. The variance between the allegations and proofs is fatal.

The counsel for the plaintiff contend that the oral testimony introduced by them without objection, in explanation or correction of the certified copy of the bond, and which they hold was admissible for that purpose, showed that the bond, when executed by the principal and the first four sureties, was for five thousand dollars; but admitting their position in both respects, they are not relieved of the real difficulty in the matter, which lies further along in the course of the transaction. If they could have shown it remained a bond for five thousand dollars at the time of its delivery, and that the alteration was subsequently made, oral testimony going to that extent would have been very material; but as we understand the evidence and the arguments of counsel, there is no pretense that the County Judge approved any official bond for Kneeland other than the one Kneeland forwarded to him for that purpose—the bond for ten thousand dollars, which was the only bond delivered by the obligors or was accepted as Kneeland's official bond. The point at variance was sufficiently specified when the certified copy of the bond was offered in evidence, by the objection on the ground of variance between the bond sued on and the certified copy offered in

evidence, for it was palpable on inspection. And besides this, it was more particularly pointed out by the defendant's counsel at the outset of the trial.

Judgment reversed and the cause remanded for a new trial.

Per Sawyer, J.; Shafter, J., concurring:

If the bond for five thousand dollars in suit had been received and acted upon by the county officers as the official bond of the Assessor, I think the sureties would have been estopped from denying their liability on it, notwithstanding the fact that it did not have the approval of any county officer indorsed upon it. In *People* v. *Evans*, 29 Cal. 435, the sureties were held liable upon a bond approved by the County Judge, who had no jurisdiction to act in the premises. His act in approving the bond was absolutely void. There was, then, no approval. Such was the legal status of the bond. It was no better than it would have been had nothing in the form of an approval been indorsed upon it. The act of the County Judge in indorsing his approval without authority can have no more effect than the unauthorized act of the County Clerk in receiving and recording it without such void approval. But in this case the bond in suit was not received or acted upon by any county officer. On the contrary, it was rejected, and a bond for a larger amount substituted, upon which defendants did not become liable as parties. For these reasons I concur in the judgment.

Mr. Justice Sanderson did not express any opinion.