[No. 14103.   Department One. — July 16, 1891.]

# THE SCHALLERT-GANAHL LUMBER COMPANY ET AL., PLAINTIFFS, THOMAS STOVELL, RESPONDENT, *v.* JUANA A. NEAL, APPELLANT, H. J. GOETZMAN, DEFENDANT.

MECHANIC'S LIEN — VOID CONTRACT — INVALID BOND — ESTOPPEL OF SURETY. — Where a contract for the erection of a building is void for failure of recordation, and other defects, a bond attached to the contract, conditioned that the contractor should not permit any claim, debt, or lien to be placed upon the building in the erection thereof, is also void, and does not constitute an estoppel as against a surety thereon who seeks to foreclose a lien upon the building for materials furnished by him to be used, and which were used, in its construction.

90  213
95  395
90  213
99  455
90  213
c115 344

Id. — Material-man's Lien. — One who furnishes materials which were neither to be used nor used in the construction of the building is not entitled to a lien therefor.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. W. Mitchell,* and *Graff, Gibbon & Creighton,* for Appellant.

*Barclay, Wilson & Carpenter,* for Respondent.

Garoutte, J. — This is an action to foreclose a mechanic's lien against defendant Neal, owner of the building, and one Goetzman, the contractor.

Defendant Neal appeals from the judgment and order denying her motion for a new trial.

The contract between the defendant Neal and Goetzman, the contractor, under which Goetzman began the erection of the building, was declared void by the court, owing to the failure of recordation, and other defects. Attached to this contract was a bond in the sum of two thousand five hundred dollars, signed by the contractor, Goetzman, as principal, and the Schallert Ganahl Lumber Company, and Thomas Stovell, the plaintiff, as sureties, binding themselves in the aforesaid sum to defendant Neal, and we quote therefrom: "The condition of the above obligation is such that should he, the said H. J. Goetzman, the above-named principal, duly and properly, well and truly, and faithfully comply with and perform all stipulations, acts, and agreements entered into and to be performed by the said H. J. Goetzman, as appears in the foregoing contract, and should he not in any wise permit any valid claim, debt, or lien to be placed upon the building in the erection thereof, or the incurring of any liability on the part of the said Mrs. Juana A. Neal, by reason of the erection, other than the amount to be paid by her to the said H. J. Goetzman for

said building, as in said contract described and specified, then the above obligation to be void, otherwise to remain in full force and virtue."

Defendant set out this bond in the answer, and relied upon it to constitute an estoppel against plaintiff.

The trial court found, as a conclusion of law, that the said bond was dependent upon the aforesaid contract, and the contract being void, the bond was void, and therefore constituted no defense to the action. This conclusion of the court is manifestly correct.

The contract being void, no cause of action could be based upon it by either party. The bond was attached to the contract, and its conditions based upon it, and when the contract fell, the bond was left without support, and necessarily fell with it.

According to the testimony of plaintiffs' witness, materials to the amount of $43.50 were neither furnished to be used nor used in the construction of defendant's building.

Let the cause be remanded, with directions to the trial court to modify its judgment by striking from the amount thereof the sum of $43.50, and in all other respects let the judgment and order be affirmed.

HARRISON, J., and PATERSON, J., concurred.