[No. 14325.    Department Two. —September 16, 1891.]

CHARLES KIESSIG, RESPONDENT, v. A. M. ALLS-PAUGH ET AL., DEFENDANTS.    M. S. HALL, AP-PELLANT.

MECHANICS' LIENS — UNRECORDED BUILDING CONTRACT — BOND OF CON-TRACTORS — POLICY OF STATUTE. — A bond given by contractors after the execution of an unrecorded building contract, for more than one thousand dollars, to secure the owner of the building against any liens for material or labor, and which refers to the contract as an inducement or consideration for its execution, is not within the letter, reason, or spirit of section 1183 of the Code of Civil Procedure, making the building contract void for want of record, and the enforcement of the bond is not in conflict with the policy of that section.

ID. — PERFORMANCE OF VOID CONTRACT — BOND AN INDEPENDENT UNDER-TAKING — ESTOPPEL. — Though such building contract could not be en-forced, yet it may lawfully be performed; and the bond to secure the owner against the payment of liens is so far an independent undertaking. that the right to enforce it does not depend upon the subsequent or con-tinued validity of the building contract, and the act of the contractors in giving the bond as such independent security, and thereby inducing the owner of the building to make full payment of the contract price to them, estops them from disputing the truth of the recital of the bond as to the contract, and from denying their liability upon it for liens which they failed to discharge, and which the owner was compelled to pay.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*Luce & McDonald*, for Appellant.

The contract referred to in the bond was wholly void from its inception, as the statute requires that all build-ing contracts, when the contract price exceeds one thousand dollars, shall be in writing, shall be subscribed by the parties thereto, and shall be filed in the office of

the county recorder before the work is commenced. (Stats. 1887, p. 152.)   As the contract was never filed, it follows that the contract was wholly void, and as the contract was the only consideration for the undertaking, as is shown by the complaint and the bond itself, that was also void.   (Brandt on Suretyship, sec. 32; *Thomas* v. *Burrus*, 23 Miss. 550; 57 Am. Dec. 154.)

*Carl Schutze*, for Respondent.

When the building contract and the undertaking sued on were made and delivered, both were valid, because the work on the building had not been commenced, and there was, at that time, a valid consideration for the bond.   The subsequent invalidity of the building contract did not invalidate the bond.   (*Sichel* v. *Carrillo*, 42 Cal. 494.   See also *Dane* v. *Corduan*, 24 Cal. 164; 85 Am. Dec. 53; *Whiting* v. *Clark*, 17 Cal. 410.)   To uphold the validity of the bond sued on, it is not necessary that the building contract should have been enforceable originally.   (*McCarthy* v. *Pope*, 52 Cal. 561; *Swift* v. *Swift*, 46 Cal. 267; *Mull* v. *Van Trees*, 50 Cal. 547.)   Even if the building contract was void at the time when the bond sued on was executed, it was still a valid consideration for the bond.   (*Chabot* v. *Tucker*, 39 Cal. 436; *Feeny* v. *Daly*, 8 Cal. 84.)

DE HAVEN, J.—On October 14, 1887, the plaintiff and the defendants Allspaugh and Hall entered into a contract whereby said-named defendants agreed to construct a house for the plaintiff, and furnish all materials therefor, and on the following day, and before the commencement of work under the building contract, they executed to plaintiff a bond, with sureties, in these words: " Be it remembered, that whereas, on the fourteenth day of October, 1887, Charles Kiessig, a resident of the said state and city, and A. M. Allspaugh and M. S. Hall, contractors and builders, also residents of said state and city, entered into a contract whereby, for a certain valuable consideration, the said A. M. Allspaugh and M. S. Hall,

builders and contractors, have to build, construct, and finish a certain house, as is more fully set out and described in the contract, plans, and specifications signed and entered into on the day and year first aforesaid, all of which said contract, plans, and specifications are made a part hereof, — now, therefore, we, A. M. Allspaugh and M. S. Hall as principals, and H. V. Poser and N. P. Lundeen as sureties, bind ourselves, our heirs, executors, and successors, in the sum of five thousand dollars, to forever save and hold harmless the said Charles Kiessig against any claims, demands, or liens, of all characters whatsoever, for material or labor expended or used in the building, construction, and finishing said house."

Neither this bond nor the building contract therein referred to was recorded. The contractors, however, completed the building according to the specified plans, and plaintiff paid them the full contract price therefor; but there were liens filed against it to the amount of $1,817.25, which the contractors, Allspaugh and Hall, failed to discharge, and the plaintiff was compelled to satisfy them.

This action is brought on the foregoing bond to recover the amount so paid. The court below found the facts as above stated, and rendered judgment in favor of plaintiff. This appeal is from that judgment, and is taken by the defendant Hall alone.

The appellant contends that there can be no recovery on the bond, because of the failure to record the building contract to which it refers; that the original contract being void under the statute, this bond, which was given to secure in part the performance of such contract, is equally void, and incapable of enforcement. This contention is based upon section 1183 of the Code of Civil Procedure, which provides that a building contract which is not recorded before work is commenced thereunder, when the contract price exceeds one thousand dollars, "shall be wholly void, and no recovery shall be had thereon by either party thereto."

But the bond upon which this action is brought is not

the contract made between this plaintiff and appellant for the construction of the building, and is not within the letter of the section referred to. It was not made at the same time, has additional parties, and does not bind the contractors to erect any building. It refers to the prior contract as an inducement or consideration for its execution, and the parties signing it agree to hold the plaintiff harmless against certain liens which might be created by the principals in the bond in carrying out the other contract, and for which said principals would be personally liable to mechanics and material-men, but they do not undertake that the prior contract shall be fully perform 'd by the contractors. They could have abandoned th, vork of construction at any time, or have failed to compl e it within the time fixed or in the manner specified in jhe contract, and they would not have been liable for any damage therefor by the terms of the bond which is the foundation of this action. Indeed, its purpose is not to secure to plaintiff reimbursement for any damage, the right to recover which rests alone upon the building contract. Although the original contract could not be enforced, because not recorded, the contractor might nevertheless perform, and the plaintiff could accept such performance, and neither be guilty of any wrong in so doing; and if in performing the appellant incurred a personal liability for labor or materials which was discharged by the plaintiff in order to remove a lien from his own property, or at the request of the appellant, the obligation to repay plaintiff is created by law, and would exist independently of the building contract, and is not affected by any defect therein, and is a sufficient consideration to support the express undertaking of defendant to repay, and the bond may therefore be deemed so far an independent undertaking that the right to enforce it does not depend upon the subsequent or continued validity of the building contract. As already stated, this bond is not within the letter of section 1183 of the Code of Civil Procedure, and it may be added that it is not within its reason or spirit, and its

enforcement is not in conflict with the policy of that section.

We do not think that the appellant, after delivering this bond as an independent security, and thereby inducing the plaintiff to make full payment of the contract price for the construction of the building, is in a position to deny his liability upon it; and if, in order to support this action, it is necessary that the bond should be based upon a valid building contract, we should hold that the appellant is estopped to dispute the truth of the particular recital contained in the bond as to such fact.

Judgment affirmed.

SHARPSTEIN, J., and McFARLAND, J., concurred.