[No. 19134. In Bank. — August 31, 1893.]

CHARLES KIESSIG, RESPONDENT, *v.* A. M. ALLSPAUGH ET AL., DEFENDANTS. N. P. LUNDEEN, APPELLANT.

BOND OF BUILDING CONTRACTOR — INDEPENDENT CONTRACT — VOID BUILDING CONTRACT. — A building contractors' bond is so far an independent undertaking that the right to enforce it does not depend upon the subsequent or continued validity of the building contract, and the sureties thereon are liable upon the bond, although the original contract is rendered wholly void because of not being filed with the county recorder.

ID. — FAILURE TO RECORD BUILDING CONTRACT — ABSENCE OF STIPULATION IN BOND. — The failure of the owner of the property to record the building contract does not have the effect to increase the obligation assumed by the sureties for the principal obligors named in the bond, so as to operate as a release of the sureties, in the absence of a stipulation in the bond providing that the contract should be filed as a condition precedent to the liability of the sureties.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Parrish, Mossholder & Lewis,* for Appellant.

*Carl Schutze,* for Respondent.

DE HAVEN, J. — The plaintiff in this action seeks to recover $1,807.25 upon a building contractors' bond executed to him by the defendants Allspaugh and Hall as principals, and by the defendant Lundeen as surety. The bond sued upon was executed on October 15, 1887, and after reciting the fact that the principals therein had upon October 14, 1887, entered into

a contract with the plaintiff here to build for him a certain house, for the price and in accordance with the specifications contained in said contract, proceeds: "Now, therefore, we, A. M. Allspaugh and M. S. Hall, as principals, and H. V. Poser and N. P. Lundeen, as sureties, bind ourselves, our heirs, executors, and successors in the sum of $5,000, to forever save and hold harmless the said Charles Kiessig against any claims, demands, or liens of all characters whatsoever for material or labor expended or used in the building, constructing, and finishing of the said house." The original building contract was not recorded, and the price therein agreed to be paid for the construction of the building was $8,000. Work under the contract was commenced after the execution of the bond just referred to, and the building was completed by the contractors in accordance with the plans contained in the original contract, but plaintiff was compelled to pay in addition to the contract price the amount sued for in this action for the purpose of discharging the liens for materials used in and labor performed on the building. Judgment was rendered in the superior court in favor of plaintiff, and the defendant Lundeen appeals.

It is provided by section 1183 of the Code of Civil Procedure that all contracts for the construction of buildings, when the amount agreed to be paid therefor exceeds $1,000, shall be in writing and filed in the office of the recorder of the county where the property is situated before work is commenced under the contract; and if not so filed with the recorder "they shall be wholly void, and no recovery shall be had thereunder by either party thereto." The section further provides that in such case the labor and materials of all persons except the contractor "shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof."

The appellant Lundeen claims that the bond sued upon in this action is dependent upon the contract referred to therein, and that, as this contract is wholly void under the provisions of section 1183 of the Code of Civil Procedure just cited, because not filed with the county recorder, the bond is void also. The point thus presented was decided adversely to the contention of appellant in the case of *Kiessig* v. *Allspaugh*, 91

Cal. 234, in which the validity of this same bond was attacked by one of the principals named therein upon the ground now urged by appellant. In answering this objection to its validity the court there said: "Although the original contract could not be enforced, because not recorded, the contractor might nevertheless perform, and the plaintiff could accept such performance, and neither be guilty of any wrong in so doing; and if in performing the appellant incurred a personal liability for labor or materials, which was discharged by the plaintiff in order to remove a lien from his own property, or at the request of the appellant, the obligation to repay plaintiff is created by law and would exist independently of the building contract, and is not affected by any defect therein, and is a sufficient consideration to support the express undertaking of defendant to repay, and the bond may therefore be deemed so far an independent undertaking that the right to enforce it does not depend upon the subsequent or continued validity of the building contract. As already stated, this bond is not within the letter of section 1183 of the Code of Civil Procedure, and it may be added that it is not within its reason or spirit, and its enforcement is not in conflict with the policy of that section." The provision of section 1183 of the Code of Civil Procedure, making wholly void as between the parties thereto a written contract for the construction of a building for a price exceeding $1,000, unless the same is filed with the county recorder before the commencement of work thereunder, is an arbitrary one and is not to be extended to any contract not falling strictly within its letter. It does not extend to a bond like that under consideration here, the very object of which is to provide for the payment of all those liens and claims which it is the chief object of the statute to secure. Nor did the failure of plaintiff to record the building contract increase the obligation assumed by appellant as a surety for the principal obligors named in the bond. It is true that if such contract had been filed the liens upon the property of plaintiff could not have exceeded the contract price and might have been discharged with the money which the plaintiff retained in his hands until the final settlement with the contractors, as provided for in the building contract. But the failure to file this contract with the recorder

was not an omission to discharge any duty which the plaintiff owed to the defendant as a surety, and did not add to the obligation imposed upon him by the terms of the bond which he signed. Undoubtedly the defendant might have stipulated in the bond that the building contract should be filed as a condition precedent to his liability as a surety; but he did not do so, and the court is not authorized to construe or interpolate such a condition into the bond, and in this respect to make a new contract for the parties who executed it.

The bond was executed in view of the fact that the contractors were about to commence the erection of a house for plaintiff in accordance with the written contract mentioned in the bond, and the sole purpose of the bond was to protect the plaintiff against the consequences of a failure of the contractors to pay the personal obligations which they might incur for labor and materials, in the event that they actually constructed for him the building referred to in the contract, and it is the duty of the court to enforce it according to its terms.

The case of *Schallert-Ganahl Lumber Co.* v. *Neal,* 90 Cal. 213, cited by appellant, does sustain his contention, but, upon a more careful consideration of the question therein decided, we are not satisfied with the conclusion reached in that case.

Judgment and order affirmed.

FITZGERALD, J., and BEATTY, C. J., concurred.

McFARLAND, J., concurring.—I concur in the judgment and the opinion of Mr. Justice DE HAVEN, except that I think the case distinguishable from that of *Schallert-Ganahl Lumber Co.* v. *Neal.*

GAROUTTE, J., and HARRISON, J., dissented.