[No. 15543.   Department Two.—September 28, 1894.]

HENRY BLYTH ET AL., APPELLANTS, *v.* JOSEPH
ROBINSON, RESPONDENT.

MECHANICS' LIENS—BOND GIVEN BY CONTRACTOR—FAILURE TO RECORD
SPECIFICATIONS.—A bond given by a contractor to the owner of a build-
ing, the contract price of which exceeded one thousand dollars, guar-
anteeing the performance of all the conditions of the contract, and that
the house to be constructed by the contractor should be delivered to the
owner free from all liens that might arise from or be filed against the
building on account of material or labor furnished by the contractor,
and used in or about the structure, is valid and binding upon the sure-
ties, notwithstanding the plans and specifications forming a part of the
building contract were not filed with the county recorder.

ID.—LUMBER FURNISHED BY SURETIES—NOTE GIVEN FOR CANCELLATION
OF LIEN—CONSIDERATION.—Where the sureties, upon the bond given by
the contractor, sold and delivered lumber to the contractor, and claimed
a lien upon the building for the purchase price, a note given to them by
the owner of the building, in consideration of the cancellation of such
lien, is without any legal consideration to support it.

ID.—SUFFICIENCY OF CONSIDERATION—FORBEARANCE TO SUE—CANCELLA-
TION OF LIEN.—The forbearance of plaintiffs to foreclose their lien is
not a sufficient consideration for the note, they already being under a
legal obligation not to foreclose such lien by the terms of the bond exe-
cuted by them, and in canceling the lien they conferred no benefit upon
the owner to which he was not legally entitled, and suffered no detri-
ment which they were not legally bound to suffer.

ID.—DEFENSE TO NOTE—LIABILITY UPON BOND OF INDEMNITY.—Whether
the note given to the sureties was with or without legal consideration,
it having been given for the purpose of discharging one of the liens
against which the plaintiffs undertook by their bond to indemnify the
defendant, and upon which a cause of action would arise, by the terms
of the bond, immediately upon the payment of the note, for the amount
so paid, in order to avoid circuity of action, the defendant should be
permitted to interpose plaintiffs' liability upon the bond as a defense to
the action upon the note.

ID.—RELEASE OF SURETIES.—The sureties upon the bond of the contractor
were not released from their obligation by the mere execution of the
note sued on under the circumstances appearing in the case; nor was
the obligation of the bond destroyed by the giving of the note under the
mistaken belief that the bond executed by the plaintiffs was void for
want of proper record of the contract.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.

The facts are stated in the opinion.

*A. P. Van Duzer,* for Appellants.

*E. H. Wakeman,* for Respondent.

De Haven, J.—Appeal taken by the plaintiffs from a judgment in favor of the defendant. The only question arising upon the record before us is this: Do the findings of the court, read in connection with the facts admitted by the pleadings, sustain the judgment? The facts shown by the record are these: The defendant entered into a written agreement with one Houser for the alteration and repair of a certain house belonging to the defendant. The contract price of this work was $4,600, the said Houser to do all the work and furnish at his own expense all the materials used in the alteration and repair of such building, and deliver the same to the defendant free from liens on account of labor or materials. The contract price was to be paid in installments, three during the progress of the work, and the last one of $1,300, thirty-five days after the building was completed. Accompanying the contract was a bond in the sum of $4,000, executed to defendant by the contractor, Houser, as principal, and the plaintiffs as sureties, "guaranteeing the performance of all the conditions of said contract on the part of the said Houser, and, among other things, that said house should be delivered to the defendant free from all liens that might arise from or be filed against said building on account of material or labor furnished by said Houser, and used in or about said structure."

The plans and specifications forming a part of the contract for the alteration and repair of defendant's building were not filed in the office of the county recorder.

The plaintiffs are lumber dealers, and they sold and delivered to the contractor, Houser, lumber of the value of $1,036, to be used by him in the alteration and repair of defendant's building, and for which sum they duly filed their claim of lien against said building.

Upon the completion of Houser's contract there remained unpaid to him only the last installment provided for by the contract, $1,300, and there were filed against the defendant's building liens which, together with the lien of plaintiffs, amounted to the sum of $2,360, and the contractor was wholly insolvent. The defendant paid the other liens upon the suggestion of plaintiffs, and after he had done so was informed by them of their claim and lien for $1,036. In respect to this the court finds that " plaintiffs then offered defendant to take his promissory note for the sum of nine hundred ($900) dollars, and cancel said lien, which offer defendant accepted, and said lien for ten hundred and twenty-six ($1,026) dollars was accordingly canceled." This action was brought by plaintiffs to recover the amount due upon the note referred to in the finding just quoted. The defendant in his answer pleaded a want of consideration for the note, growing out of the foregoing facts, and further alleged that he had been damaged by reason of the failure of the contractor to pay and discharge the lien of plaintiffs, in the sum of $925, the amount sued for, and that under the terms of the bond above mentioned he was entitled to recover such damages by way of setoff or counterclaim to plaintiffs' action.

As a conclusion of law from the foregoing facts, the superior court found, in substance, that the counterclaim of defendant was established, and that he was entitled to a judgment against plaintiffs for his costs.

1. The bond executed by plaintiffs, and by the terms of which they undertook to protect the defendant against all claims for liens which might arise or be filed against his building on account of material or labor used or employed by Houser in the performance of his contract with defendant, was valid, notwithstanding the plans and specifications forming a part of the building contract were not filed with the county recorder. (*Kiessig* v. *Allspaugh*, 91 Cal. 234; 99 Cal. 452.) This being so the judgment of the superior court was right. The note

CIV. CAL.—16

sued on was without any legal consideration to support it. The cases cited by the appellant to the effect that forbearance to sue, or the compromise of a doubtful claim, constitutes a sufficient consideration for a promise, are not in point. The findings do not show that the note was given for the purpose of compromising a doubtful claim, and, as to the forbearance of plaintiffs to foreclose their lien against the defendant's building, they were already under a legal obligation not to foreclose such lien by the terms of the bond executed by them, and in canceling this lien they conferred no benefit upon defendant to which he was not already legally entitled, and themselves suffered no detriment they were not already legally bound to suffer; and this was not a sufficient consideration for the note obtained from the defendant. (Civ. Code, sec. 1605; *Withers* v. *Ewing*, 40 Ohio St. 400; *Connover* v. *Stillwell*, 34 N. J. L. 54; *Cobb* v. *Cowdery*, 40 Vt. 25; *Vanderbilt* v. *Schreyer*, 91 N. Y. 392), and as the findings show that there was no other consideration, the decision of the superior court might well have been rested upon the ground that such note was without consideration.

2. But, if we assume, as did the court below, that the note is not without a legal consideration to support it, still it is clear the plaintiffs are not entitled to recover in this action. The note was given for the purpose of discharging one of the liens against which plaintiffs undertook to indemnify the defendant when they executed the bond as sureties for the contractor, and immediately upon the payment of such note a cause of action would have arisen by virtue of the terms of such bond in favor of defendant against the plaintiffs for the amount so paid. Under such circumstances, and to avoid circuity of action, the defendant should be permitted to interpose plaintiffs' liability upon the bond as a defense to this action. The court did not find that defendant made any valid agreement to release plaintiffs from their obligation as sureties for the contractor, and no such legal effect was worked out by the mere

fact that defendant executed the note sued on under the circumstances disclosed by the findings. The particular reason which moved him to execute his note in payment of plaintiffs' demand against the contractor does not appear, but it may be conjectured that he did so under the mistaken belief that the bond executed by plaintiffs was void, because of the failure to file with the county recorder the plans and specifications referred to in the contract which it accompanied; but whatever may have been his reason, it is sufficient to say that, so far as disclosed by this record, the giving of the note, although an unnecessary and unwise thing for defendant to do, did not destroy the obligation of the bond, and it is eminently just that the plaintiffs should not be permitted to escape their liability upon such bond, and in so escaping be permitted to reimburse themselves from defendant for the loss which they may have sustained in their dealings with the principal on the bond.

Judgment affirmed.

McFARLAND, J., and FITZGERALD, J., concurred.