[S. F. No. 347.    Department Two.—December 17, 1896.]

J. H. McMENOMY, Respondent, *v.* A. L. WHITE, et al., Appellants.

Findings—Agreed Statement of Facts—Sufficiency of Evidence.—Where a case is submitted to the trial court upon an agreed statement of facts, no findings are necessary, the only question being as to what is the law applicable to the facts; and where findings are made in such a case, an objection that they are not justified by the evidence cannot be sustained.

Mechanic's Lien—Record of Contract—Failure to File Plans and Specifications—Rights of Laborers and Materialmen—Liability of Owner and Contractor.—Where a building contract is for a price exceeding one thousand dollars, and requires the building to be constructed in conformity with the plans and specifications prepared by the architects, the failure to file the plans and specifications for record render the contract void, and, in such case, the labor done and materials furnished are deemed to have been at the instance of the owner, and a lien may be had for the value thereof, but the owner is not personally liable therefor, though the contract be void, the only remedy against him being for the foreclosure of the liens, while the contractor is personally liable for labor done and materials furnished at his instance, and personal judgment may be entered against him as a party defendant in actions to foreclose the liens.

Id.—Invalid Contract—Validity of Bond of Contractor—Guaranty against Liens—Liability of Sureties.—A bond given by a contractor to the owner of a building, the contract price of which exceeds one thousand dollars, guaranteeing the performance of all the conditions of the contract, and that the building to be constructed by the contractor shall be delivered to the owner free from all liens for labor done and materials furnished by the contractor, is valid and ·binding upon the sureties, although the contract itself is void, because of a failure to file the plans and specifications with the county recorder.

Appeal from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.    D. J. Murphy, Judge.

The facts are stated in the opinion

*William H. Jordan*, for Appellants.

Sureties are entitled to a literal compliance with the exact terms of their bond. (*Miller* v. *Stewart*, 9 Wheat. 680; Baylies on Sureties and Guarantors, 260; Civ. Code, secs. 2819, 2836; *Barns* v. *Barrows*, 61 N. Y. 39; 19 Am. Rep. 247; 5 Lawson's Rights, Remedies, and Practice, 4111, 4113.) As the original contract was void, the only contract that exists is a statutory one on the part of the owner of the property to pay the reasonable value of services rendered and material furnished, to which contract neither Judkins nor defendants were parties. (Code Civ. Proc , sec. 1183; *Kellogg* v. *Howes*, 81 Cal. 170; *Davies etc. Lumber Co.* v. *Gottschalk*, 81 Cal. 641; *Willamette etc. Co.* v. *Los Angeles etc. Co.*, 94 Cal. 229; *Holland* v. *Wilson*, 76 Cal. 434; *Schallert etc. Lumber Co.* v. *Neal*, 90 Cal. 213; *Rebman* v. *San Gabriel Land etc. Co.*, 95 Cal. 395.) Any change in the liability of a surety, made without his consent, will release him. (*Boston Hat Mfg. Co.* v. *Messinger*, 2 Pick. 235; *People* v. *Gardner*, 55 Cal. 304; *Miller* v. *Stewart, supra; Bragg* v. *Shain*, 49 Cal. 131; *Victor etc. Co.* v. *Scheffler*, 61 Cal. 530; Baylies on Sureties and Guarantors, sec. 15; *Barns* v. *Barrows, supra;* 5 Lawson's Rights, Remedies, and Practice, 4111, 4113; *Stull* v. *Hance*, 62 Ill. 52.) The contract being void, the bond is void also. (*Schallert etc. Lumber Co.* v. *Neal, supra; Kiessig* v. *Allspaugh*, 91 Cal. 237.)

*John H. Dickinson*, and *Henry E. Monroe*, for Respondent.

The owner of property is not personally liable for work done and material furnished at the instance of the contractor when the contract is void, but the contractor is personally liable. (*Southern Cal. Lumber Co.* v. *Schmitt*, 74 Cal. 625; *Giant Powder Co.* v. *Flume Co.*, 78 Cal. 197; *Lumber Co.* v. *Gottschalk*, 81 Cal. 641; *Wood* v. *Oakland etc. Co.*, 107 Cal. 500.) The bond is not void because the contract was not filed. (*Kiessig* v. *Allspaugh*,

91 Cal. 234; 99 Cal. 452; *Blyth* v. *Robinson*, 104 Cal. 239.)  The case being submitted on an agreed statement of facts, no findings were necessary.  (*Gregory* v. *Gregory*, 102 Cal. 50.)

Belcher, C.—This case was submitted to the court below upon an agreed statement of facts.  From this statement it appears that on the twentieth day of June, 1890, plaintiff and one L. C. Judkins entered into a written contract, by the terms of which Judkins agreed to construct for plaintiff, and to furnish all the materials and labor therefor, a frame dwelling-house in conformity with the plans and specifications for the same prepared by certain architects, and to deliver the house to plaintiff, free from all liens and charges, within one hundred working days from the date of the contract.  The contract price for the work was four thousand eight hundred and fifty-eight dollars, of which sum seventy-five per cent. was to be paid in installments as the work progressed, and the remaining twenty-five per cent was to be paid thirty-five days after the final completion of the work.

On the day the said contract was executed there was written on the back thereof and signed by the defendants a bond or contract of guaranty which reads as follows:

"bond.

"Know all men by these presents: that we, the undersigned, in consideration of value by us and each of us received, have, and we do hereby jointly and severally become sureties and guarantors for the full and faithful performance on the part of L. C. Judkins, the contractor, of all the terms and conditions of the foregoing contract to be by him performed, and we do hereby jointly and severally guarantee the faithful performance of the above contract, and the delivery of the building therein described and contracted for, free from all liens that may be filed on account of any claim against the con-

tractor in the above contract, not exceeding the sum of four thousand eight hundred and fifty-eight ($4,858) dollars. ·

"Witness our hands and seals, this —— day of June, 1890."

After these papers had been signed, Judkins committed the matter of filing the contract in the office of the county recorder of the county where the property was situated to the plaintiff, and he filed the contract, but the plans and specifications were never attached to the contract and were never filed.

Judkins proceeded to construct the house, but it was not delivered to or accepted by the plaintiff until February 19, 1891, the reason for such failure of delivery and acceptance being that the same was not finished.

Plaintiff paid to Judkins on account of the construction of the building, upon the certificates of the architects as the work progressed, sums of money aggregating two thousand seven hundred and fifty dollars, and thereafter certain liens were filed for materials and labor furnished to the said building upon the order of Judkins. In due time actions were commenced to foreclose the liens, and all of the actions were consolidated and tried together. In the complaints it was alleged that the contract between the plaintiff and Judkins was void, because the plans and specifications were not filed with it; and the court found the fact to be as alleged, and gave judgment foreclosing the liens for various sums in favor of the lien claimants.

Plaintiff, by reason of Judkins' failure to keep his contract and perform the work thereunder, and by reason of the liens filed and the suits brought thereon, was compelled to pay, and on January 9, 1894, did pay, in satisfaction of said liens, and the costs incident to their foreclosure, the sum of twelve hundred and ninety-five dollars and thirty-three cents more than the contract price named in said contract.

Subsequently the plaintiff commenced this action to

recover from the defendants, upon the bond or contract of guaranty before set out, the sum so paid by him, with interest thereon from the time of payment.

Upon the facts agreed upon, the court below gave judgment in favor of the plaintiff for the said sum of twelve hundred and ninety-five dollars and thirty-three cents, with interest thereon; and from that judgment and an order denying defendants' motion for a new trial this appeal is prosecuted.

1. The objections to certain findings upon the ground that they were not justified by the evidence cannot be sustained. As the case was submitted upon an agreed statement of the facts, no findings were necessary, the only question being as to what was the law applicable to those facts. (*Gregory* v. *Gregory*, 102 Cal. 50.) Besides, the judgment was in accord with the facts stated as to the amount the plaintiff was entitled to recover, if entitled to recover at all.

2. It is true the building contract was void, because the plans and specifications were not filed, and the statute declares that, "in such case, the labor done and materials furnished by all persons aforesaid, except the contractor, shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof." (Code Civ. Proc., sec. 1183.) The owner, however, is not personally liable for labor done and materials furnished at the instance of the contractor, even though the contract be void, for the reason stated, the only remedy against the owner in such case being a foreclosure of the liens. But the contractor is personally liable for labor and materials so done and furnished at his instance, and he may be made a party defendant in actions to foreclose the liens, and a personal judgment may be entered against him. (*Southern Cal. Lumber Co.* v. *Schmitt*, 74 Cal. 625; *Giant Powder Co.* v. *Flume Co.*, 78 Cal. 193; *Davies etc. Lumber Co.* v. *Gottschalk*, 81 Cal. 647; *Wood* v. *Oakland etc. Transit Co.*, 107 Cal. 502.)

3. As to whether, under the circumstances shown

here, the defendants can be held liable on their contract of guaranty is the principal question presented for decision. Without following the elaborate arguments of counsel, it is enough, in our opinion, to say that the case comes plainly within the rule of law declared in the cases of *Kiessig* v. *Allspaugh*, 91 Cal. 234, *Kiessig* v. *Allspaugh*, 99 Cal. 452, decided by the court in Bank, and *Blyth* v. *Robinson*, 104 Cal. 239.

The law, as declared in the last-named case, is correctly stated in the *syllabus*, as follows: "A bond given by a contractor to the owner of a building, the contract price of which exceeded one thousand dollars, guaranteeing the performance of all the conditions of the contract, and that the house to be constructed by the contractor should be delivered to the owner free from all liens that might arise from, or be filed against, the building on account of material or labor furnished by the contractor, and used in or about the structure, is valid and binding upon the sureties, notwithstanding the plans and specifications forming a part of the building contract were not filed with the county recorder."

The cases cited are not, perhaps, in harmony with that of *Schallert etc. Lumber Co.* v. *Neal*, 90 Cal. 213, decided in Department, but they are the latest decisions, and must control.

We advise that the judgment and order appealed from be affirmed.

HAYNES, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.