[S. F. No. 619.   Department Two.—June 16, 1897.]

GEORGE SUMMERTON, RESPONDENT, v. E. H. HANSON ET AL., APPELLANTS.

BUILDING CONTRACT—FAILURE TO RECORD SPECIFICATIONS—BOND FOR PERFORMANCE—GUARANTY AGAINST LIENS—LIABILITY OF SURETIES.—The fact that a building contract is rendered invalid by reason of a failure to record the plans and specifications does not affect the liability of the sureties upon a bond given for the faithful performance of the contract, and guaranteeing the delivery of the building to the owner free from all liens that might be filed on account of any claim against the contractor; and the owner may recover against the sureties any amount which he is compelled to pay after the completion of the building by the contractor, to release the building from liens filed thereon in excess of the sum remaining in his hands, and due under the contract.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. A. A. SANDERSON, Judge.

The facts are stated in the opinion of the court.

*William H. Jordan,* for Appellants.

*Richard C. Harrison,* and *W. S. Goodfellow,* for Respondent.

HENSHAW, J.—Appeal from the judgment. Plaintiff entered into a contract with one Charles Scranton for the erection of a building upon a lot of land owned by the former. The contract price exceeded one thousand dollars. The contract was in writing, and was accompanied by a bond, with two sureties, who guaranteed the faithful performance by Scranton of his contract, and also guaranteed the delivery of the building to the plaintiff free from all liens that might be filed on account of any claim against the contractor. The building contract, together with the bond, was filed in the office of the county recorder, but the plans and specifications which were to accompany it, and which, by the terms of the contract, were made a part of it, were not filed, and the contract became void.

Scranton, however, proceeded to construct the building, and, after its completion, and within the time allowed by law, certain lien claims were filed against the property. These liens were afterward foreclosed, and judgments for various amounts obtained. Plaintiff, to release his building from the liens of the judgments, was obliged to pay, and did pay, to the judgment creditors the sum of four thousand fifty-two dollars and forty cents, or nineteen hundred and seventy-two dollars and forty cents in excess of the sum remaining in his hands, and due upon the contract. He prosecuted this action against the sureties upon the bond to recover this sum of nineteen hundred and seventy-two dollars and forty cents. Judgment was rendered in his favor, and from that judgment the defendants appeal.

The argument of appellants is this: The contract being void, the liability of the principal upon the contract was extinguished. Upon this follows the release of the sureties, for their obligation could in no event be greater than that of the principal. This argument, however, has been repeatedly answered by the decisions of this court. (*Kiessig* v. *Allspaugh,* 91 Cal. 234; 99 Cal. 452;

*Blyth* v. *Robinson,* 104 Cal. 239; *McMenomy* v. *White,* 115 Cal. 339.)

The judgment appealed from is affirmed.

McFARLAND, J., and TEMPLE, J., concurred.

Hearing in Bank denied.