[S. F. No. 1297.    Department Two.—March 20, 1900.]

A. S. MANGRUM, Appellant, v. W. K. TRUESDALE et al.,
Respondents.

BOND OF BUILDING CONTRACTOR—DELIVERY—FILING FOR RECORD—MAN-
DATORY STATUTE.—A bond given by a building contractor in sup-
port of the contract, as contemplated by section 1203 of the
Code of Civil Procedure, in an amount equal to twenty-five
per cent of the contract price, and which by its terms is to
inure to the benefit of persons performing labor or furnishing
materials for the contractor, must, as a substitute for delivery,
accompany the contract and be filed for record with the con-
tract, as required by that section, which is mandatory; and
without such filing there can be no valid delivery of the bond.

ID.—DELIVERY OF BOND TO AGENT OF BUILDING AND LOAN ASSOCIATION—
INVALIDITY OF BOND.—A delivery of such bond to the attorney for
a building and loan association which agreed to furnish a loan
of money upon the lot to aid in the building, when the bond
was executed, cannot be a valid susbstitute for the filing of the
bond for record required by the statute; and if not filed for
record, such bond is invalid and cannot be enforced.

ID.—REDRESS OF LABORERS AND MATERIALMEN.—If the bond is not filed
for record, and is void, the laborers and materialmen have their
redress by the terms of the statute, which gives them a remedy
against the owner and contractor for such damages as they
may have suffered.

APPEAL from a judgment of the Superior Court of Santa
Clara County.    W. G. Lorigan, Judge.

The facts are stated in the opinion of the court.

J. R. Welch, for Appellant.

Thomas V. Cator, and Kingore & Malcolm, for Respondents.

HENSHAW, J.—The action was to recover upon a bond
given to support a builder's contract, as contemplated by section
1203 of the Code of Civil Procedure.    The facts disclosed were
that the owners had entered into a written contract with the
contractor for the building of a dwelling-house in the town of
Palo Alto, for the contract price of two thousand and thirty
dollars.    The owner desired to borrow fifteen hundred dollars,

CXXVIII. CAL.—10

secured by mortgage upon the premises, from a loan association. The loan association agreed to advance the money upon the execution of the bond. The contractor, on the day after the date of the execution of the contract, and after work under the contract had commenced, caused the bond in question to be prepared, signed by sufficient sureties, and delivered to Mr. Bowden, the attorney for the loan association. It remained in his possession and was never filed. The bond, as to its terms and conditions, was precisely the undertaking contemplated by section 1203 of the Code of Civil Procedure. It referred to the builder's contract; was for an amount "equal to at least twenty-five per cent of the contract price hereinafter referred to"; by its terms it was made to inure to the benefit of any and all persons who might perform labor or furnish materials to the contractor, and was to remain in full force and effect if the contractor did not duly pay to any and all such persons the value of the labor or materials furnished by them, or any of them. It is clearly, then, the undertaking called for by section 1203, but it did not accompany the contract, as that section requires, nor was it filed at the same time and in the same manner, as is also expressly required. As under section 1203 the bond shall, by its terms, be made to inure to the benefit of any and all persons who perform labor for or furnish material to the contractor, it is apparent that it is for the benefit of an undetermined class whose members may not all be known until the completion or abandonment of the work. It is to inure to the benefit of those whom in the future the contractor may employ, or from whom in the future he may purchase material. So far as delivery is concerned, under such circumstances, the individuals of the class not being known at the time of the execution of the contract, it would be impossible to make personal delivery of it to them, or to any agent for them. The substitution for such delivery is precisely the substitution made necessary in the case of an official bond—a filing for record (*People v. Kneeland*, 31 Cal. 288); and this, by the express terms of section 1203, is made mandatory. Without such filing it is impossible to see how there could be any delivery. This case is readily to be distinguished from the case of *Kiessig v. Allspaugh*, 91 Cal. 236; 99 Cal. 453. In that case the contention was that the bond was void because the contract had

not been filed as required by section 1183 of the Code of Civil Procedure. But the court held that the bond was neither within the letter nor the spirit of the section. Section 1203 of the Code of Civil Procedure was not then in force, and no law at that time required the filing of the undertaking.

The necessity of filing, as a delivery, seems sufficiently plain by the concluding sentence of section 1203, which declares that any failure to comply with the provisions of the section shall render the owner and contractor jointly and severally liable in damages to any and all materialmen, laborers, etc. It is thus made the duty of the owner and contractor to see that this law is complied with, and that the undertaking is duly and properly filed. If the failure so to do renders the undertaking worthless the materialmen and laborers are not without their redress, since the law expressly gives them a remedy against the owner and contractor for such damages as they may have suffered.

The judgment appealed from is affirmed.

Temple, J., and McFarland, J., concurred.