[L. A. No. 4176.   Department Two.—May 10, 1918.]

## HUB HARDWARE COMPANY (a Corporation), Respondent, v. AETNA ACCIDENT & LIABILITY COMPANY (a Corporation), Appellant; C. McLAIN, Respondent.

STREET IMPROVEMENTS—IMPROVEMENT ACT OF 1911—BOND OF CONTRACTOR FOR LABOR AND MATERIALS—ASSIGNMENT OF CONTRACT—LIABILITY OF SURETY FOR OBLIGATIONS OF ASSIGNEE.—The surety on the bond of a street contractor given for labor and materials in conformity with the "Improvement Act of 1911" is liable for labor

and materials furnished to an assignee of the contract, and used in the performance of the work contracted for, and is not limited to indemnification of creditors of the contractor.

ID.—CONTRACT OF SURETY—LAW, WHEN PART OF.—Where a surety makes a contract with the law before him, the law enters into and becomes a part of the agreement.

ID.—ASSIGNABILITY OF CONTRACT.—A contract for street improvements is assignable.

ID.—NATURE OF LIABILITY.—An action to recover for materials or labor on such a bond is not based upon the personal liability of the contractor, but upon the obligation of the bond.

ID.—MEASURE OF SURETY'S LIABILITY—PLEADING.—In such an action, there is no force in the contention that the surety can be bound only for the reasonable value of the materials furnished and not for the agreed price where no issue is made in the pleadings upon this matter.

ID.—FAILURE TO ESTABLISH OFFICIAL STREET GRADE.—Although the "Improvement Act of 1911" authorizes a city council to grade or regrade a street "to the official grade," the defense that there is no jurisdiction to perform the work and require the bond, unless the official grade has been established, is not available to the surety on the bond, the bond having been given to secure, not the performance of the work by the original contractor, but the independent contracts of materialmen and laborers.

ID.—TIME FIXED BY CONTRACT—MATERIALS FURNISHED AFTER EXPIRATION OF TIME.—The fact that a part of the materials was furnished after the time limited in the contract with the city for the performance of the work is not a defense to an action on the bond against the surety, who undertook to pay for all labor and materials furnished for that particular work, and the surety cannot, therefore, be relieved because of any irregularity in the performance of the contract.

ID.—TIME FOR FILING CLAIMS.—Where two sorts of paving were contemplated by the contract for different portions of the work, and, as authorized by the Street Improvement Act of 1911, an assessment was levied upon completion of a part of the work, the verified statement of a person furnishing materials, not paid for by the contractor, was seasonably filed, although not filed within thirty days after the completion of the portion of the work for which the materials were furnished, if it was filed within thirty days after the completion of the whole work, or even before the contract was completed.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Chas. Wellborn, Judge.

The facts are stated in the opinion of the court.

Gibson, Dunn & Crutcher, J. Karl Lobdell, and Edward
E. Bacon, for Appellant.

Arthur M. Ellis, and G. C. De Garmo, for Respondents.

Neice & Packard, and Crouch & Crouch, *Amici Curiae.*

MELVIN, J.—Plaintiff was given judgment on the pleadings and the corporation, which had executed a surety bond, appeals from the judgment.

The material facts are as follows: The superintendent of streets of Colton entered into a contract, on May 28, 1913, with one Paonessa for the improvement of a certain street in that city. Appellant, as surety, executed the required statutory bond for the payment of laborers and for materials furnished. Paonessa assigned the contract and plaintiff furnished materials to the assignees, who actually performed the work. The so-called "Improvement Act of 1911," under which the work was done, authorizes the levy of an assessment upon the completion of two blocks or more of the improvement without waiting for the finishing of the whole. This plan was followed in the matter of the work in question upon completion of that part of it upon which the materials furnished by plaintiff were used. Plaintiff, being unable to collect its claim from the assignees of the original contractor, who had received the amount due from the city, sued said assignees and the surety company. The original contractor, Paonessa, was not made a party defendant. Plaintiff recovered judgment against the surety company alone.

Appellant's first contention is that its liability under the statute is not, and cannot be, extended to the assignees of the contractor—that it is bound only to indemnify creditors of the contractor. In this behalf its counsel quote from the act (Stats. 1911, p. 738) the following language: "If the contractor, person, company or corporation to whom said contract was awarded fails to pay for any materials so furnished for the said work or improvement, or for any work or labor done thereon of any kind, that the sureties will pay the same, to an amount not exceeding the sum specified in said bond." And they cite *County of Sonoma* v. *Hall*, 132 Cal. 589, [62 Pac. 257, 312, 65 Pac. 12, 459], and *Towle* v. *Sweeney*, 2 Cal. App. 29, [83 Pac. 74], to the effect that sureties may not be held

unless the principal, sued independently of the bond, would be liable. If the quoted portion of the statute were all the provision for a surety bond, there would be great force in the argument of appellant's counsel, but the act also provides in the same section of which a part is quoted by them that the bond "shall be made to inure to the benefit of any and all persons, companies or corporations who perform labor on, or furnish materials to be used in the said work or improvement."

The bond itself specifies that the principal and surety "are held and firmly bound unto any and all persons, companies or corporations, who perform labor on, or furnish materials to be used in the said work of improvement aforementioned, in the sum of seventeen thousand five hundred dollars." Statutes upholding liability inuring to the benefit of those with whom the person bound has no contractual relation have been repeatedly sustained. If the surety makes the contract with the law before him, the law enters into and becomes a part of the agreement. (*Jones* v. *Great Southern Fireproof Hotel Co.*, 86 Fed. 370, [30 C. C. A. 108]; *Hollenbeck-Bush Planing Mill Co.* v. *Amweg*, 177 Cal. 159, [170 Pac. 148].) In this case the surety did bind itself, in conformity with the requirement of the statute, to pay for any materials furnished to be used in the described work. Clearly, the obligation was not merely for the benefit of the contractor. That such contracts as the one made by Paonessa and the city are assignable may not be doubted. (*Taylor* v. *Palmer*, 31 Cal. 241.) It has been held that such an action as this is not based upon the personal liability of the original contractor, but upon the obligation of the bond. (*Williams* v. *Tingey*, 26 Cal. App. 574, [147 Pac. 584].) To be sure, that was a case in which the materials were furnished to a subcontractor, not to an assignee, and appellant seeks to draw a distinction, asserting that "it may well be that a different rule should apply" to a subcontractor from that invoked in favor of an assignee. We can see no reason why there should be a different rule under the very broad liability assumed by this appellant on the execution of the bond. In *French* v. *Powell*, 135 Cal. 636, [68 Pac. 92], the court was considering an assignment of a contract made by one who had contracted with a city. The surety was made responsible for all work of any kind done upon the tunnel to be constructed, which the contractor did not pay for. The court held that neither the contractor nor the surety could

shift the burden of their obligation by assignment "without the consent of the parties entitled to its benefits." That case is authority which supports respondent's theory that the assignment of the contract by Paonessa did not release appellant.

There is no force in the contention that the surety could be bound only for the reasonable value of the materials furnished and not for the agreed price. No issue was made in the pleadings upon this matter. Appellant admitted by its answer that any materials used in the street work, "as alleged in said complaint," were "sold and furnished" to the assignees of Paonessa.

Appellant calls attention to one of the defenses pleaded in its answer that failure to establish the official grade of the street was fatal to the proceedings, and that, therefore, the bond was unauthorized, without consideration, and void. It is argued that, since the "Improvement Act of 1911" authorizes the council to grade or regrade a street *"to the official grade,"* it has no jurisdiction to perform the work and to require the bond unless the official grade has been established. It is argued that without the establishment of the official grade, the contract is void, and all concomitants, including the bond, are likewise of no effect. A similar contention was made in a case involving a surety bond, upon the ground that the original contractor had secured the work in violation of the statute requiring competitive bidding. It was held that the invalidity of that contract did not involve the liability of the surety company, the bond having been given to secure, not the performance of the work by the original contractor, but the independent contracts of materialmen and laborers. (*Kansas City Hydraulic P. B. Co.* v. *National Surety Co.*, 167 Fed. 496, [93 C. C. A. 132].) The same principle is declared in *Bell* v. *Kirkland*, 102 Minn. 213, [120 Am. St. Rep. 621, 13 L. R. A. (N. S.) 793, 113 N. W. 271]; *Kansas City* v. *Schroeder*, 196 Mo. 281, [93 S. W. 405]; *National Surety Co.* v. *Wyandotte Coal & Lime Co.*, 76 Kan. 914, [92 Pac. 1111]; *United States* v. *National Surety Co.*, 92 Fed. 549, [34 C. C. A. 526]; *Kiessig* v. *Allspaugh*, 99 Cal. 452, [34 Pac. 106]; *Mc-Menomy* v. *White*, 115 Cal. 339, [47 Pac. 409]; *Summerton* v. *Hanson*, 117 Cal. 252, [49 Pac. 135].

Appellant also asserts that as part of the materials were furnished after the time limited in the contract with the city, it cannot be held liable for all the supplies. Plaintiff's claim

is based upon materials furnished "between the twenty-seventh day of September, 1913, and the twenty-second day of November, 1913," while the time for the completion of the contract was fixed at one hundred and fifty days from June 12, 1913, a period which expired November 9, 1913. But the respondent correctly argues that whatever may be the effect between the contractor and the municipality of this irregularity, the surety, having undertaken to pay for all labor and materials furnished for that particular work, cannot be relieved because of any irregularity in the performance of the contract. (*Los Angeles Stone Co.* v. *National Surety Co., ante,* p. 247, [173 Pac. 79].)

It is next contended that plaintiff's claim was not filed with the superintendent of streets within the time prescribed by the statute. Section 19 of the "Street Improvement Act of 1911" provides that a person furnishing materials and one whose claim has not been paid by the contractor "may, within thirty days from the time said improvement is completed, file with the superintendent of streets a verified statement of his or its claim, together with a statement that the same, or some part thereof, has not been paid." It is alleged in the complaint that on January 8, 1914, "and within thirty days after the completion and acceptance of that portion of said street work between H Street and A Street," plaintiff filed the verified notice prescribed by the statute. The answer admitted the fact of completion and acceptance, but denied the date thereof set forth in the complaint, and denied that any statement of claim was served upon or filed with the street superintendent within thirty days after the completion of said improvement or work. Conceding that the claim was not filed within thirty days after the completion of that part of the improvement on which plaintiff's materials were used, namely, the area between H Street and A Street, respondent insists that it is in time, because its claim went in before the completion of the portion lying between A Street and Mill Street. It has been held that such a claim may be filed before the contract is completed (*French* v. *Powell,* 135 Cal. 636, [68 Pac. 92]), and since the "improvement" for which Paonessa secured the contract involved both parts of North Eighth Street, respondent insists that it was in time in filing its claim at any date before the completion of the whole work specified in the agreement, notwithstanding the fact that the supplies

furnished were used only upon the portion required to be graded and paved with concrete and asphalt. This contention must be upheld. While two sorts of paving were contemplated and bargained for, the price to be paid Paonessa was a lump sum and the "improvement" was a single one. An assessment was levied, it is true, upon completion of a part of the work, but this is permitted and authorized by the statute. It is also true that the materials were used upon that part of the street covered by the assessment, but the surety, under its responsibility for materials furnished upon all the area included in the contract, may not complain unless the claimant fails to file the prescribed statement with the superintendent of streets until more than thirty days after "the time said improvement is completed."

The judgment is affirmed.

Wilbur, J., and Victor E. Shaw, J., *pro tem.*, concurred.

Hearing in Bank denied.