## James Gaynor v. L. H. Harding.

1.   Trials by the Court—*Presumptions.*—Where the trial is without a jury the presumption is that the judge, hearing all the evidence, with the parties before him, is in a position to determine accurately whether the finding is right, and, acting under the responsibility of his place, has determined correctly.

Assumpsit, for merchandise sold and delivered.   Trial in the Superior Court of Cook County, on appeal from a justice of the peace; the Hon. Theodore Brentano, Judge, presiding.   Hearing by the court without a jury.   Finding and judgment for plaintiff, $126.36.   Appeal by defendant.   Heard in the Branch Appellate Court of the First District, at the March term, 1898.   Affirmed.   Opinion filed June 21, 1898.

Stubblefield & Quinlan, attorneys for appellant.

Elmer Bishop, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellee obtained a judgment before a justice of the peace against appellant, from which an appeal was taken to the Superior Court of Cook County, where, the jury having been waived, the case was tried by the court and a judgment was entered for $126.36 for the plaintiff.

The controversy in this case is purely one of fact. There is no denial that the hardware furnished by appellee was actually used in the buildings owned by appellant, and for his benefit, and that the prices charged therefor were reasonable and proper. The only contention is whether the hardware was ordered by and sold directly or indirectly to appellant, or whether the sale was to the contractor personally. Upon that question the evidence is conflicting. Appellee's version of the arrangement is corroborated by the contractor; and that he understood he was selling the goods to appellant is to some extent confirmed by the fact that he charged directly against appellant all the hardware delivered at and after the date when the conversation occurred at which it is claimed the order was given.

It is said the value of appellee's testimony is destroyed by the formal notice of lien, which states in the statutory form that he had "been employed by" the contractor, thus contradicting, it is claimed, his oral statement. This does not necessarily follow, and the trial court was by no means bound to so conclude. There is evidence tending to sustain the judgment, and the presumption is that the judge, hearing all the evidence, with the parties before him, "in a position to determine accurately whether the finding is right, and acting under the responsibility of his place, has determined correctly." Bishop v. Busse, 69 Ill. 403–406.

The judgment of the Superior Court is affirmed.