### Karel Jakl v. J. Pavlik, use of Wm. H. Vansciver.
### Karel Jakl v. J. Pavlik, use of John Fisher.

1. TRIALS—*Without a Jury—Questions of Fact.*—Where the trial judge has the parties and witnesses before him, he is in a better situation to ascertain the truth and correctly settle the controversy than the Appellate Court, with only the record before it for its guidance.

Garnishment.—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN. Judge, presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed March 29, 1901.

FANNING & HERDLICKA, attorneys for appellant.

DICKINSON & HAREMSKI, attorneys for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

These two cases have been consolidated, the judgment in the first to control the second.

Judgments were rendered against appellant as garnishee

originally before a justice of the peace. Appeals were taken, and at the trials in the Superior Court, a jury having been waived, judgment was again rendered in each case in favor of appellee.

The controversy is one of fact, and the testimony contradictory. There is evidence tending to show that appellant admitted at the trial before the justice that he was then indebted to Pavlik in a sum more than sufficient to satisfy the claims against the latter of the garnishor and judgment debtor. Appellant now claims to have paid his debt before the original garnishment. It is apparent that the trial judge, having the parties and witnesses before him, was in a better situation to ascertain the truth and correctly settle the controversy than we can possibly be, with only the record for our guidance. Gaynor v. Harding, 76 Ill. App. 659.

The judgment must be affirmed.