## Hercules Coal and Mining Co. v. Central Investment Co.

1. TRIALS—*By the Judge Without a Jury.*—In trials by the court without a jury, where the evidence is conflicting, the finding of the judge, who sees and hears the witnesses and stands in the place of a jury, will not be, ordinarily, interfered with.

2. CONTRACTS—*When Binding upon Both Parties Alike.*—An arrangement entered into between two parties, by the terms of which one of them agrees to furnish to the other, at agreed prices, the coal for the season to be used in a flat building owned by such other party, to be accepted by his janitor, constitutes a contract between the parties binding alike upon each, and under it the party is bound to buy the coal needed for the building during the season, and for a failure to do so will be liable to the other for any damages sustained by reason of such failure.

428    APPELLATE COURTS OF ILLINOIS.

VOL. 98.]   Hercules Coal & Mining Co. v. Central Investment Co.

3. MEASURE OF DAMAGES—*Breach of Contract for the Delivery of Coal.*—On the trial of an action for the breach of a contract for the delivery of coal, the allowance of the difference between the prices at which the seller agrees to furnish it and the market prices at the time of purchasing of coal to take the place of that which he refused or failed to furnish, is the proper measure of damages for the breach of the contract.

4. DAMAGES—*Accruing after the Commencement of the Suit.*—For a breach of a contract to deliver coal for the season, where suit is brought before the expiration of the season, damages are properly assessed for the remainder of the time after the suit is brought, down to the expiration of the contract (season) when such expiration is before the day of trial.

Assumpsit, for the breach of a contract to deliver coal. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 26, 1901.

YOUNG, MAKEEL, BRADLEY & FRANK, attorneys for appellant.

C. E. & G. D. ANTHONY, attorneys for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This was a suit in attachment to recover for coal sold by appellant to appellee. Service was had upon certain parties as garnishees, and a conditional judgment entered against them. This judgment was made final, but was subsequently set aside upon appellee depositing with the clerk of the court an amount sufficient to cover the claim of appellant. Appellee filed a plea of a general issue with notice of set-off, in which damages are claimed of appellant for breach of contract. The cause was submitted to the court, a jury having been waived, and the claim of set-off was allowed, appellant recovering judgment for $55.52, instead of $271.69, the amount of its original claim.

The set-off is based upon a verbal contract which appellee alleges was entered into between the parties, by the terms of which, it is claimed, appellant agreed to furnish appellee, at agreed prices, the coal for the season to be used in a flat owned by the latter. The contract, according to

the testimony, consisted of an offer by appellant's agent to " furnish the coal for the season at these prices," and its acceptance by the janitor and agent of appellee, who testifies that he told appellant's agent that " we would take all the coal what we needed for them buildings at that price, Maryland Smokeless for $2.90 and Indiana Block for $2.35;" and that appellant's agent accepted the order, saying he was " sure we would be satisfied with the delivery." This testimony is denied by witnesses for appellant. But the evidence being conflicting, the finding of the judge, who saw and heard the witnesses and stood in the place of a jury, will not ordinarily be interfered with. Gaynor v. Harding, 76 Ill. App. 659–660; Hays v. Langley, 90 Ill. App. 500, 501.

Assuming then that the agreement was made as above, did it constitute a contract between the parties binding alike upon each ? The trial court found that it did, and we think correctly. The agreement was, on the one side, to furnish, and on the other to take coal of the kinds referred to, and all that " was needed " in appellee's building at the agreed prices, during the season. There is evidence that this " season " included the winter season from the time the agreement was made in September, until May following. By virtue of such an agreement appellee was bound to buy of appellant the coal it needed for its said building for that season, and had it failed to do so would have been liable to appellant for any damages the latter might have sustained by reason of such failure. The contract was not void for uncertainty, but was binding upon both parties. National Furnace Co. v. Keystone Mfg. Co., 110 Ill. 427–434.

The trial court allowed to appellee the difference between the prices at which appellant agreed to furnish the coal and the market prices at the time of purchase of coal bought by appellee to take the place of that which appellant refused or failed to furnish. It is not disputed that this was a proper measure of damages for the breach of such a contract. The damages were properly assessed for

the remainder of the time after the suit was brought down to the time of the expiration of the contract—the end of the season—this being before the day of the trial. Mount Hope Cemetery Association v. Weidermann, 139 Ill. 67–76, and cases cited.

It is urged that the proof does not support the notice of set-off. However this may be, and the trial court appears to have found otherwise, it has been held that the damages could be recouped under the plea of general issue. Cooke v. Preble, 60 Ill. 381–382.

Finding no reversible error in the record, the judgment of the Superior Court must be affirmed.