[Civ. No. 816. First Appellate District.—July 25, 1911.]

## BARTLETT SPRINGS COMPANY, a Corporation, Respondent, v. STANDARD BOX COMPANY, a Corporation, Appellant.

ACTION FOR BREACH OF CONTRACT—SALE OF BOXES REQUIRED FOR ONE YEAR.—It is held that a contract between the plaintiff and the defendant, by the terms of which the defendant was to furnish and the plaintiff was to take and pay for certain kinds of wooden boxes needed by the plaintiff in its business, for the period of one year, is valid, and that where the defendant failed to comply with the contract, the plaintiff could recover in an action for its breach the difference between the price named in the contract and the price which plaintiff was compelled to pay in the market to supply such need.

ID.—MUTUALITY OF OBLIGATION.—The contract was not wanting in mutuality of obligation, since it was binding upon both parties; and if plaintiff had refused to accept the boxes tendered under the contract by the defendant, the defendant could have recovered damages for its breach against the plaintiff. The plaintiff could not go outside of the contract to buy elsewhere without a violation of the contract; and the defendant could not, without such violation, refuse plaintiff's demands for compliance therewith.

ID.—CONSIDERATION OF OBLIGATION—ACCEPTANCE OF OFFER.—Where there is no consideration for a promise or offer, there is no binding obligation; yet whenever the acceptance of an offer imposes an obligation on the acceptor, then a consideration is present and a binding contract results.

ID.—IMPOSSIBILITY OF PERFORMANCE NEITHER PLEADED NOR SHOWN.—It is held that the impossibility of the performance of the contract was neither pleaded nor shown, nor was it any issue in the case nor found upon; but that it appears, on the contrary, that plaintiff was able to perform on his part, and when defendant broke the same, did get the required boxes as it needed them.

APPEAL from an order of the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

P. L. Benjamin, for Appellant.

Frank V. Bell, for Respondent.

KERRIGAN, J.—This is an action for damages for breach of contract. Plaintiff recovered judgment in the amount demanded. A motion for a new trial was made by the defendant, which was denied, and it is from the order denying such motion that this appeal is taken.

On March 5, 1906, the parties to this action entered into an agreement, by the terms of which the defendant was to sell and the plaintiff was to purchase certain kinds of wooden boxes to the entire extent of plaintiff's demand for the period of one year from the date of the contract. The market price of boxes increased, and the defendant only partially performed its part of the contract, filling but one comparatively small order, to wit, an order for 1,000 boxes. The plaintiff purchased elsewhere boxes as it needed them during the period covered by the contract, and in due time brought this action to recover from the defendant the difference between the contract price and the increased price which it was compelled to pay for such boxes.

Defendant contends that the plaintiff under the contract was not bound in any way to take boxes from the defendant during the year mentioned in the contract, and that the latter could not have required the plaintiff to do so, and that, therefore, the agreement was lacking in mutuality, and was void.

We cannot agree with this view. By the agreement the defendant was to furnish and the plaintiff was to take all the boxes that it would need in its business during the time stated. Both parties were bound by the contract, and if the plaintiff had failed to carry out its obligations thereunder, and had purchased elsewhere the boxes needed by it in its business for the year designated, it would have been liable to the defendant for any damages sustained by the latter.

The authorities amply sustain this position. In *National Furnace Co.* v. *Keystone Mfg. Co.*, 110 Ill. 427, the court held that a contract, whereby a manufacturer of pig-iron was to sell, and a user of that article was to purchase, all of certain iron that it might need in its business during a specified season, was a valid contract, observing: "It cannot be said that appellee was not bound by the contract. It had no right to purchase iron elsewhere for use in its business. If it had done so appellant might have maintained an action for a breach of the contract. It was bound by the contract to take

of appellant, at the prices named, its entire supply of iron for the year—that is, such quantity of iron, in view of the situation and business of appellee, as was reasonably required and necessary in its manufacturing business. A foundry may purchase its supply of coal for the season of the coal dealer. A hotel may do the same. . . . Such contracts are not uncommon, and we have never understood that they were void." (See *Hercules Coal & M. Co.* v. *Central Investment Co.*, 98 Ill. App. 427.)

In the case of *Dailey Co.* v. *Clark Can Co.*, 128 Mich. 591, [87 N. W. 761], there were an offer and acceptance in writing, by the terms of which the plaintiff, who was in the canning business, was to purchase from defendant the tin cases which it might need in its business for a specified period. This was held not to be a mere option, but a valid contract binding both parties. There, as here, the plaintiff could not go outside to buy without violating the contract, and the defendant could not without doing likewise refuse plaintiff's demands.

In the cases relied on by the defendant the promisees were not obligated to purchase nor bound in any way by the terms of the contracts.

In *Hoffman* v. *Maffoli*, 104 Wis. 630, [80 N. W. 1032, 47 L. R. A. 427], it was held by a divided court that an accepted offer to furnish crushed rock and curbing at certain prices in such quantities as the defendant might *desire* did not constitute an enforceable contract. There the promisee "confessedly was not obligated," so the court said, "to take . . . under the contract all the stone to complete his contract, but only such quantities as he might desire." The reasoning in that case supports the case at bar.

In *McCaw Mfg. Co.* v. *Felder*, 115 Ga. 408, [41 S. E. 664], the defendant accepted an offer by the plaintiff to furnish the defendant, at specified prices, all the boxes of a certain character the defendant might *want* for the period of one year. The court, making its decision turn on the word "want," said that the defendant had not agreed to purchase a single box; that it had not agreed "to *want* any boxes." Accordingly, the agreement was held inoperative as a valid and binding contract. This case, we think, is authority

16 Cal. App.—43

against the defendant, for later on in the opinion the court, in discussing the refusal of the trial court to allow the defendant to amend its plea, by setting up an oral contemporaneous agreement, whereby the plaintiff agreed to furnish the defendant and the defendant agreed to buy all the boxes necessary to pack the output of the factory of the defendant for the time specified, held, citing cases, that this agreement constituted a valid contract, which could be enforced by either party, and that the proposed amendment should have been allowed.

So in *Bailey* v. *Austrian*, 19 Minn. 465 (535), the plaintiffs were to purchase and the defendant was to sell all the pig-iron which the plaintiffs might want in their business at given prices for the time specified; but, says the court, in holding the contract *nudum pactum*, "they [the plaintiffs] did not engage to *want* any quantity whatever," or "of course to purchase any iron of defendant." This case is not only different from the case at bar in its facts, but it is practically overruled by *Ames-Brooks Co.* v. *Aetna Ins. Co.,* 83 Minn. 346, 350, [86 N. W. 344]. (See note, 9 Cyc. 330.)

The effect of the cases on the point being discussed is correctly and well stated in 9 Cyc. 327, as follows:

"There are many cases in which, although the offer is definite enough, yet the acceptor, by merely accepting, has really himself promised nothing in return, has not made himself liable for anything, so that, although one is bound the other is not, and the engagement lacks what is called mutuality. In such a case there is not an enforceable agreement. The most frequent example of this is when one offers to supply another with such goods of a certain kind as he may choose to order or may 'wish' during a certain time and the other accepts the offer. Here there is no consideration for the promise or offer, for the promisee has not bound himself to anything and has incurred no legal liability at all. The correct view of the case is that there is no agreement binding on the promisor, but simply an offer on his part which may be accepted by giving an order until such time as it is actually withdrawn or expires by limitation of time. Where, however, the acceptance does really impose any obligation on the acceptor, then a consideration is present and a binding contract results; and this is so wherever the acceptor's free-

dom of action is in any way limited.   It is not limited at all where he simply assents to the seller's offer to sell all the goods he may order or 'desire' during a certain time, for he has not promised to order nor is he bound to do so; but it is limited where the offer is to supply him with all the goods of a particular kind which he may 'require' or which he may need during a certain time, for here, although it may be that he will neither need nor require any, yet if he does he has bound himself to buy them from the proposer, and has hence parted with his right to buy them from whom he pleases.''

The defendant also contends that the contract was void because too indefinite; that the plaintiff was not ready, able and willing to perform its part of the contract; that the plaintiff failed to prove any damages.   We have examined each of these points, together with the one that the defendant was released from liability because it was impossible to perform the contract, and conclude that neither of them has any merit.   Considering briefly the last-mentioned point (which is as meritorious as the others), it is sufficient to say that the defendant did not set up in his answer that the contract was impossible of performance.   This was not an issue in the case, either according to the pleadings or the theory on which it was tried.   There was no finding on this subject, nor does the defendant enumerate this as one of the particulars wherein the evidence is insufficient to justify the decision.   It is also apparent from the record that this contention of the defendant is groundless, inasmuch as plaintiff was able to and did get the boxes as it needed them.

The order appealed from is affirmed.

Lennon, P. J., and Hall, J., concurred.