[L. A. No. 2913. Department Two.—August 27, 1912.]

SEMI-TROPIC SPIRITUALISTS' ASSOCIATION (a Corporation), Respondent, v. PETER JOHNSON, Appellant.

PLEADING—ACCOUNTING FOR PROCEEDS OF SALE OF LOTS—COMPLAINT SUFFICIENT AS AGAINST GENERAL DEMURRER—AVERMENT OF CONSIDERATION.—A complaint in an action for an accounting, which alleges that the plaintiff purchased a certain tract of land for a particular purpose, and that by mutual arrangement between the plaintiff's board of directors and the defendant it was agreed that the

deed to the property should be taken for plaintiff in the name of defendant, that the latter "should advance for plaintiff such sums as might be necessary for the purchase of said lands, and for certain necessary improvements thereon," and that the portion of the property not needed for such purpose should be divided into lots and sold by the defendant for and in behalf of the plaintiff, and that defendant should receive the revenue arising from the sale of lots and should fully account to plaintiff for all moneys received and paid out by him, and which further avers the purchase of the property for plaintiff in defendant's name, the sale of lots and the receipt of more money from the transactions than the defendant had advanced, including interest on the advances, and that defendant had conveyed to plaintiff all of the premises remaining unsold, sufficiently shows, as against a general demurrer, a consideration moving from the plaintiff to the defendant, sufficient to support the contract.

ID.—MEANING OF WORD "ADVANCE."—The word "advance," as used in such agreement, implies "to furnish money for a specific purpose, understood between the parties, the money or some equivalent to be returned."

ID.—REPAYMENT OF MONEY ADVANCED IMPLIED—INTEREST PRESUMED. The allegation of an advance, upon a mutual agreement of one to take and pay for property for another in his own name, implies an agreement upon the part of the beneficiary of such payment to reimburse the one who made the advancement. Such a loan, unless otherwise expressly stipulated in writing, is presumed to be made upon interest.

ID.—IMPLIED AGREEMENT TO PAY FOR SERVICES—QUANTUM MERUIT.— The allegation in such complaint that certain services were to be performed for plaintiff by defendant implies an agreement to pay a *quantum meruit.*

ID.—IMPERFECT STATEMENT OF FACTS—SPECIAL DEMURRER.—Where the essential facts are stated in the complaint defectively or without clearness, or appear by necessary implication, the defects may only be reached by special demurrer.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial.  N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

George P. Cook, for Appellant.

Julius Lyons, for Respondent.

MELVIN, J.—Defendant appeals from a judgment entered against him and from an order denying his motion for a new

trial. The cause was tried before a referee and his findings were adopted by the court. By stipulation the transcript of the testimony taken before the court commissioner was used as a statement of the case on defendant's motion for a new trial. As the procedure followed was that provided by sections 953a et seq. of the Code of Civil Procedure, no printed transcript has been filed, but appellant preserves certain parts of the testimony in his brief.

The principal controversy is waged over the complaint and the court's action in overruling the demurrer thereto. The complaint alleged that plaintiff purchased a certain tract of land in Los Angeles County for the purpose of establishing a tabernacle for the said corporation and its members; that by mutual arrangement between plaintiff's board of directors and defendant it was agreed that the deed to said property should be taken for plaintiff in the name of defendant; and "that defendant should advance for plaintiff such sums as might be necessary for the purchase of said lands and for certain necessary improvements thereon." The complaint further alleges that it was agreed by the parties to this action that the portion of the property not needed for the tabernacle should be divided into lots and sold by defendant "for and in behalf of said plaintiff"; that defendant should receive the revenue arising from the sale of lots and should fully account to plaintiff for all moneys received and paid out by him. Then follow averments of the purchase of the property for plaintiff in defendant's name, the sale of lots, and the receipt of more money from said transactions than defendant had advanced, including interest on the advances. It is further alleged "that defendant has conveyed to plaintiff all of said premises remaining unsold." A demand is made for an accounting and payment to plaintiff of the amount found due. Another paragraph of the complaint states that defendant has caused the filing of a mechanic's lien on said premises and the tabernacle erected thereon, for the sum of five hundred dollars claimed to be due from plaintiff to defendant, but that the claim is without merit. There is a prayer that defendant be required to satisfy said lien of record.

. Appellant insists that the complaint utterly fails to aver any contract between the parties or any consideration moving from plaintiff to defendant because of the acts to be performed by

the latter. "There is no allegation" says defendant "that plaintiff was to repay the defendant for the money he advanced, provided no lots were sold, or that if defendant received from the sale of lots more than he had expended, he was to account and pay over the excess to the plaintiff." While defendant's demurrer was both general and special, the court's attention was not specially directed to the alleged failure to state a consideration. We must therefore consider this point under the general demurrer. Although we cannot commend plaintiff's pleading as a model, we think it is sufficient in form and substance to sustain the court's action in overruling the demurrer thereto. There is a distinct recognition in the complaint of defendant's right to a consideration, for it is alleged that the money received for sales of lots is greatly in excess of all moneys advanced "including interest thereon." The complaint sets forth an agreement that defendant was to "advance" such sums as should be necessary to purchase the property. The word "advance" implies, when used in this connection, "to furnish money for a specific purpose, understood between the parties, the money or some equivalent to be returned." (Black's Law Dict.) The allegation of an advance, upon a mutual agreement of one to take and pay for property for another in his own name, implies an agreement upon the part of the beneficiary of such payment, to reimburse the one who made the advancement. Such a loan, unless expressly stipulated in writing, is presumed to be made upon interest. (Civ. Code, sec. 1914.) The complaint alleges certain services which were to be performed for plaintiff by defendant Johnson. This implies an agreement to pay a *quantum meruit* (*Toomy* v. *Dunphy,* 86 Cal. 643, [25 Pac. 130].) Where the essential facts are stated defectively or without clearness or appear by necessary implication, the defects may only be reached by special demurrer. (*Amestoy* v. *Electric Rapid Transit Co.,* 95 Cal. 314, [30 Pac. 550]; *Matteson* v. *Wagoner,* 147 Cal. 742, [82 Pac. 436].) Judged then by this rule the complaint was good as against a general demurrer. It alleged a loan or advancement, implying a promise of repayment with interest; acknowledged plaintiff's obligation to pay interest; averred certain services by Johnson in plaintiff's behalf, implying a duty by the corporation to pay him a reasonable compensenation; and pleaded the partial execution of

the contract on the part of Johnson by his act of deeding the unsold lots to the plaintiff.

Appellant calls our attention to the use of the word ''purchased'' in the complaint wherein it is alleged that the defendant ''purchased'' the property in question. This, he says, implies the payment of money and negatives the possibility of a debt, a fiduciary relation or a legal duty resting on defendant to render an accounting. While the word ''purchase'' does mean ''to buy'' it also means ''the acquisition of property by a party's own act as distinguished from acquisition by act of law.'' (7 Words & Phrases, 5853.) The complaint sets forth defendant's agency in a manner sufficient to call for an accounting if the allegations are found to be true.

In his amended cross-complaint defendant pleaded an account stated, about August 26, 1907, ''whereby plaintiff acknowledged itself indebted to defendant in the sum of five hundred dollars ($500.00) for a building purchased by defendant for plaintiff's use and benefit.'' Appellant insists that there was no finding upon this issue. He is in error. There was a finding; ''that said defendant sold to plaintiff a tabernacle which was placed upon said premises, and that the parties hereto agreed that said defendant was to receive therefor the sum of $480.00 with interest thereon at the rate of seven per cent per annum.'' And if this were not sufficient, there is an additional finding: ''That neither on or about the 2nd day of July, 1906, nor at any other time did plaintiff and defendant settle and close the mutual demands and credits existing between said parties hereto.'' True, the last quoted finding has special reference to an averment contained in defendant's answer but its language is sufficiently comprehensive to cover all matters of alleged accounts stated.

Appellant quotes certain selected portions of the testimony given before the court commissioner, showing that there was a sharp conflict of evidence regarding the amount of money received by appellant upon certain contracts of sale. He insists that these and similar instances of conflict were entitled to specific findings, because, without such segregation, it is impossible to tell how the referee arrived at the general conclusion, ''That defendant has received from plaintiff and from various purchasers of said lots, to be credited to plaintiff, the

sum of $4252.50.'' Of course, it is quite impossible, without a painstaking examination of the referee's transcript (which we are not required by law to make, and which appellant's counsel has not made for us and presented even in an ab-breviated form), to determine whether appellant's supposed difficulty is real or imaginary. It may be, for all that appears to the contrary, in the record before us, that the referee's figures may be obtained by accepting in every instance the evidence offered on behalf of plaintiff and rejecting defendant's testimony, or that the opposite method may result in the figures adopted by the commissioner and the court. The superior court, with the whole record before the judge thereof, evidently experienced no difficulty in this regard, and in the absence of any clear showing made here, we must assume that the general finding was clearly supported by the evidence without the necessity of more minute particularization.

The judgment and order are affirmed.

Lorigan, J., and Henshaw, J., concurred.