[Civ. No. 1625. Second Appellate District.—February 17, 1915.]

E. D. WILLIAMS, Respondent, v. C. H. TINGEY et al., Defendants; UNITED STATES FIDELITY & GUARANTY COMPANY (a Corporation), Appellant.

APPEAL—ALTERNATIVE METHOD—SECTION 953c CODE CIVIL PROCEDURE—BRIEFS.—On an appeal taken under the alternative method, as provided by section 953c of the Code of Civil Procedure, the parties are required to print in their briefs such portions of the record to which they desire to call the court's attention.

CONTRACTS—STREET WORK—BONDS—LIABILITY OF SURETY FOR MATERIALS FURNISHED SUB-CONTRACTOR — PARTIES. — In an action against the surety on a bond given by a contractor contracting with a city to perform certain street work, which bond provided that, if the principal failed to pay for any materials or supplies furnished for the work, or for any labor done thereon, the surety would pay the same to an amount not exceeding the sum specified in the bond, it was not necessary for the plaintiff, who furnished certain materials to a sub-contractor for the work which were actually used in it, to have first sued the sub-contractor, nor was the sub-contractor a necessary party defendant.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

Patterson Sprigg, for Appellant.

Luce & Luce, for Respondent.

SHAW, J.—This is an action to recover from the United States Fidelity & Guaranty Company as surety upon the bond of C. H. Tingey given as contractor for the doing of certain

street work in the city of San Diego. Judgment went for plaintiff, from which, adopting the alternative method, the defendant United States Fidelity & Guaranty Company appeals.

The bond was given by C. H. Tingey, to whom the contract for doing the work was let by the city, and, after reciting that the obligors, namely: Tingey as principal and the United States Fidelity & Guaranty Company as surety, were bound unto all persons performing labor or furnishing materials to be used in the work called for by said contract, contained a provision to the effect that if the principal therein, said Tingey, failed to pay for any materials or supplies furnished for the work, or for any labor done thereon, said United States Fidelity & Guaranty Company, as surety thereon, would pay the same to an amount not exceeding the sum specified in the bond.

Tingey as contractor sublet a part of the work to one Ruben-dahl, to whom plaintiff furnished certain materials used in the performance of the work, and payment not being made therefor, he, within thirty days from the completion of the work, filed with the street superintendent a verified statement of his claim and nonpayment thereof, as required by the act.

Notwithstanding the fact that the appeal is had pursuant to the alternative method, in which case, as provided by section 953c, of the Code of Civil Procedure, the parties are required to print in their briefs such portions of the record to which they desire to call the court's attention, appellant fails to direct our attention to anything in the record in support of its claim for a reversal.

Without merit is the contention that, as a condition of maintaining the suit, plaintiff should first have sued the subcontractor and established therein that the materials were actually used in the work. This fact was one of the controverted issues, and the allegation of the complaint to the effect that they were so used was found to be true. The fact that Rubendahl, the sub-contractor, was not made a party defendant to the action, could not affect appellant's right to plead and prove any defense which it was entitled to make, and it appearing that the materials were furnished to be used in the performance of the work, and were so used, plaintiff was entitled to judgment in accordance with the condition of the bond, and hence Rubendahl was not a necessary party defend-

ant. , (*People's Lumber Co.* v. *Gillard,* 136 Cal. 55, [68 Pac. 576) ; *French* v. *Powell,* 135 Cal. 636, [68 Pac. 92].)

It is further urged that no facts are found showing that Tingey was personally liable to plaintiff. The action was not to recover by reason of any personal liability of Tingey, but to recover upon the obligation of the bond.

The findings clearly support the judgment and, upon this record, since our attention is not directed to anything to the contrary, we must assume that the evidence justifies the findings.

Judgment affirmed.

Conrey, P. J., and James, J., concurred.