[L. A. No. 3478.   Department One.—August 5, 1915.]

## CHARLES H. THOMPSON, Respondent, v. HAMILTON MOTOR COMPANY (a Corporation), Appellant.

SALE—BREACH OF AGREEMENT TO PURCHASE—ALLEGATION OF DAMAGES —LOSS OF PROFITS.—In an action to recover damages for the breach of an agreement to purchase twenty-one automobiles at a fixed price, an allegation of damages "that if the defendant had purchased the cars as agreed the plaintiff's profit on each car would have been one hundred dollars, and that by reason of the defendant's failure to purchase and pay for the cars, the plaintiff had suffered damages in the sum of $2100," is good as against a general demurrer, whether the case falls within the rule as to the measure of damages fixed by section 3300 of the Civil Code, or that fixed by section 3311.

ID.—PROPERTY NOT IN POSSESSION OF SELLER—ABILITY OF SELLER TO OBTAIN.—The fact that the plaintiff did not have the cars on hand is immaterial to his right of recovery, where it appears that he could have procured them in a reasonable time if defendant had ordered them, especially where it also appears that the parties intended and expected to follow that method of procedure in carrying out the agreement.

ID.—EVIDENCE—AMOUNT OF DAMAGE.—The evidence is held to show that if the defendant had performed its agreement, plaintiff's profits would have exceeded one hundred dollars per car.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

C. J. Willett, and William A. Spill, for Appellant.

Flint, Gray & Barker, Rupert B. Turnbull, and A. J. Harno, for Respondent.

SHAW, J.—The defendant appeals from the judgment.

The action is to recover damages for breach of an agreement between the parties executed on October 1, 1910.   It contains many provisions that are immaterial to the controversy, and which need not be stated here.

In effect the agreement provided that the plaintiff thereby granted to the defendant the exclusive right to sell Jackson

CLXX Cal.—47

and Fuller automobiles in certain territory in Los Angeles County, California, during the period from October 1, 1910, to August 15, 1911, in consideration whereof the defendant agreed that it would on or before August 15, 1911, purchase and order from the plaintiff at least twenty-five of said automobiles, at factory prices, to be delivered to it in the railroad cars at Jackson, Michigan, as ordered. On all cars taken from stock on which the factory price was one thousand four hundred dollars or less, the defendant was to be allowed a discount of fifteen per cent from the factory price. Other discounts were to be allowed on higher priced cars, but as none of these cars is involved, these discounts are immaterial. On all orders for cars in less than carload lots, he was to pay one hundred dollars of the price of each car at the time of sending in the order. The balance of the price was to be paid on delivery on board cars at Jackson, Michigan, for shipment to California.

The complaint sets out the agreement in full and alleges that the defendant ordered, purchased, and paid for only four of the twenty-five cars he agreed to buy of the plaintiff, that he failed to order, buy, or pay for the remainder, that if defendant had purchased the remaining twenty-one cars as it agreed to do, the plaintiff's profit on each car would have been one hundred dollars, that by reason of the defendant's failure to purchase and pay for said cars plaintiff has suffered damage in the sum of two thousand one hundred dollars, for which sum plaintiff asks judgment.

The general demurrer to the complaint was properly overruled. As a basis for the damages claimed it alleges that plaintiff's profit on each car which defendant agreed to buy would have been at least one hundred dollars. This is equivalent to a statement that the price which defendant agreed to pay for each car was at least one hundred dollars more than the value of such car to plaintiff, in other words, that plaintiff could have obtained the cars for one hundred dollars less each than the contract price to defendant. This would be the detriment proximately caused to the plaintiff by the defendant's failure to buy as it agreed to do, and sufficiently states the damage if the case falls within the rule as to the measure of damages, as fixed by section 3300 of the Civil Code. If it comes under the rule presented by section 3311, fixing the measure of damages as "the excess, if any, of the amount due from the buyer, under the contract, over the value to the

seller'' the allegation would also be sufficient.   The value to the plaintiff, for the purpose of fulfilling his agreement to sell, if he did not have the cars on hand, would be the price he would have to pay for them in the market.   (Civ. Code, sec. 3353.) If he did have them on hand, the value for that purpose would be, *prima facie,* the cost thereof to him.   If there had been a rise in values so that plaintiff's loss would have been less than the difference between the cost to him and the contract price, the allegation would, nevertheless, be a statement that the difference was at least one hundred dollars per car, allowing for such rise.   If it is true that his minimum profit would have been one hundred dollars per car, it must follow that the value to him was at least that much less per car than the selling price under the contract.   While the form of the allegation makes it subject to the criticism that it states a conclusion, its meaning is clear and we think it is sufficient to withstand a general demurrer.   The demurrer for uncertainty does not specify this defect.

Defendant also claims that the evidence does not establish the plaintiff's claim that he has been damaged by the defendant's breach of the agreement.   The assertion that plaintiff could not have obtained the cars if they had been ordered is disproved by the testimony of plaintiff that the manufacturers informed him that they were prepared to supply him as soon as orders were received.   The contention that plaintiff did not have the cars on hand is immaterial where it appears, as here, that he could have procured them in a reasonable time if defendant had ordered them, the more especially since it also appears from the evidence that the parties intended and expected to follow that method of procedure in carrying out the agreement.

With regard to the sufficiency of the evidence to prove that the excess of the contract price over the value to plaintiff was more than one hundred dollars on each car, the judgment might be affirmed under section 953c of the Code of Civil Procedure, on the ground that the appellant has not printed in his brief the evidence on the subject.   It could also be affirmed for the reason that the allegation that the plaintiff's minimum profit on each car would have been one hundred dollars is not denied except by a negative pregnant in form of a denial that ''the minimum profit was and is $100 per car,'' and it, therefore, stands as an admitted fact that it was at

least $99.99 per car. We add that a slight examination of the typewritten transcript satisfies us that the evidence shows that, if defendant had performed its agreement, plaintiff's profits would have exceeded one hundred dollars per car. Defendant is fortunate that greater damages were not laid. We find no other points that merit notice.

The judgment is affirmed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.