[Civ. No. 1658.    Second Appellate District.—November 8, 1916.]

GEORGE L. MULLIA, Respondent, v. YE PLANRY BUILDING COMPANY (a Corporation), et al., Appellants.

APPEAL — ALTERNATIVE METHOD — FAILURE TO PRESENT BRIEF — SUFFICIENCY OF EVIDENCE—REVIEW NOT REQUIRED.—On an appeal taken from a judgment under the alternative method, no duty devolves upon the court to search the record for evidence to support the findings, where no brief is presented by the respondent or appearance made at the hearing had upon the appeal.

NEGLIGENCE—COLLISION OF AUTOMOBILE WITH TAXICAB—PRIVATE USE OF EMPLOYEE—NONLIABILITY OF EMPLOYER.—A building company is not liable for the act of its superintendent of construction in running an automobile, furnished him by the company for use in the company's business, into a taxicab, where such collision occurred while such employee was returning at an early hour in the morning from a country club, to which he had driven after the theater.

ID.—TEST OF MASTER'S RESPONSIBILITY.—The test of the master's responsibility for the act of his servant is, whether or not the act was done in the prosecution of the business that the servant was employed by the master to do, or in the execution of the authority given by the master, and for the purpose of performing what the master has directed.

APPEAL from a judgment of the Superior Court of Los Angeles County.   A. J. Buckles, Judge presiding.

The facts are stated in the opinion of the court.

Rupert B. Turnbull, for Appellants.

Campbell & Moore, for Respondent.

SHAW, J.—This action was brought to recover damages alleged to have been incurred by plaintiff as a result of defendants' negligence in operating an automobile which collided with one owned by the former. Defendants filed separate answers, denying the alleged acts of negligence, and, in addition to its answer, Ye Planry Building Company filed a cross-complaint, wherein it alleged that by reason of plaintiff's negligence it had incurred damages therein set forth, which allegations the court found to be untrue.

The court found in favor of plaintiff upon the issues tendered in the complaint, upon which judgment went for plaintiff, from which defendants, adopting the alternative method in presenting the record, appeal.

Respondent made no appearance at the hearing had upon the appeal; neither has he presented any brief in opposition to that filed by appellants. Under these circumstances, no duty devolves upon the court to search the record for evidence to support the findings (Code Civ. Proc., sec. 953c; *Thompson* v. *Hamilton Motor Co.,* 170 Cal. 737, [Ann. Cas. 1917A, 677, 151 Pac. 122]; *Williams* v. *Tingey,* 26 Cal. App. 574, [147 Pac. 584]), the want of which is one of the grounds upon which appellants ask a reversal of the judgment.

It appears that defendant Keenan was employed as superintendent of construction by Ye Planry Building Company, which furnished him with an automobile, instructing him to use it as a business car to carry out the company's instructions in superintending its work, which car, when not so used, was to be kept in a garage at Keenan's residence. On the day in question, after the close of his work, Keenan drove the car to his home and that evening, with a friend, drove to a theater in Los Angeles, which they left at about 11:30 P. M., going to a place known as the Vernon Country Club, where they remained until about 1:30 A. M. the next day. On their return to the city, and while proceeding along the right side of an unlighted street known as Santa Fe Avenue, Keenan operating the car with the lamps burning, his car ran into a taxicab owned by plaintiff, which car at the time was not running, but standing near the curb line of the street fronting in the direction that Keenan was running his car and on the same side thereof. It had no rear light burning to indicate its presence, by reason of which fact Keenan did not see it until so near that he was unable to turn or stop his automobile so as avoid the collision.

The evidence to which our attention is directed clearly tends to show, not only that plaintiff was negligent in leaving his car standing in an unlighted path of automobile travel without a rear light or other warning to indicate its presence, but also tends to show that had the rear light been burning the collision would not have occurred. Conceding, however, that the collision was due to Keenan's negligence, such negligence cannot be imputed to defendant Ye Planry Building

Company, between which company and Keenan there existed the relation of master and servant. Section 2338 of the Civil Code declares that "a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent in and as a part of the transaction of such business, and for his willful omission to fulfill the obligations of the principal." In *Stephenson* v. *Southern Pacific Co.,* 93 Cal. 558, [27 Am. St. Rep. 223, 15 L. R. A. 475, 29 Pac. 234], it is said: "The test of the master's responsibility for the act of his servant is, whether or not the act was done in the prosecution of the business that the servant was employed by the master to do, or in the execution of the authority given by the master, and for the purpose of performing what the master has directed." By no stretch of the imagination can the case be brought within the rule thus laid down. The evidence conclusively shows that at the time of the accident, when Keenan was using the automobile, he was doing so contrary to the instructions of his employer and for his own private use and benefit and pleasure, not at the time being engaged in the course of his employment or in the performance of any duty imposed upon him by Ye Planry Building Company, his codefendant. The doctrine that the negligence of a servant, where not acting within the scope of his employment, is not attributable to his master, is fundamental and supported by authorities too numerous to call for mention. The case here presented is similar to that of *Branch* v. *International & G. N. Ry. Co.,* 92 Tex. 288, [71 Am. St. Rep. 844, 47 S. W. 974], where it is said: "If a railroad company intrusts the care of its handcar to its section foreman, it does not thereby become liable for an injury to a person at a public crossing, caused by a collision with such handcar through the negligence of such foreman while operating the car upon his private business, not in the line of the operation of the railroad, nor in the performance of a duty to the company, and in violation of its orders." In *Lotz* v. *Hanlon,* 217 Pa. St. 339, [118 Am. St. Rep. 922, 10 Ann. Cas. 731, 10 L. R. A. (N. S.) 202, 66 Atl. 525], it is said (quoting from the syllabus): "The owner of an automobile is not, where the person in charge was not using it in the course of his employment and in the owner's business, answerable for injuries inflicted by it on a person on the

highway.'' To the same effect is *Stewart* v. *Baruch*, 103 App. Div. 577, [93 N. Y. Supp. 171], and *Reynolds* v. *Buck*, 127 Iowa, 601, [103 N. W. 946].

Clearly the judgment must be and is reversed.

Conrey, P. J., and James, J., concurred.