[L. A. No. 6046. In Bank.—March 22, 1921.]

LOS ANGELES LIME COMPANY (a Corporation), Appellant, v. H. C. WITHERS, Defendant; MARTHA McLAIN et al., Respondents.

LOS ANGELES LIME COMPANY (a Corporation), Appellant, v. H. C. WITHERS, Defendant; JAMES M. WADSWORTH et al., Respondents.

[1] SURETIES—BOND OF STREET CONTRACTOR—STATUS OF CONTRACTOR — IGNORANCE OF SURETIES — NONLIABILITY TO MATERIALMEN.— Sureties on the bond of a street contractor cannot be held liable to materialmen where the bond was executed in the name of the son of the contractor instead of in the name of the contractor himself, and the sureties were without knowledge that the father was the contractor and signed the bond in the belief that the son was the actual principal and real party in interest.

[2] ID.—ESSENTIAL OF RECOVERY—PROOF OF VALID BOND.—Materialmen in order to recover on a street contractor's bond must show a valid statutory bond.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

G. C. De Garmo for Appellant.

Albert J. Sherer, Robert Young and Clarence J. Walker for Respondents.

THE COURT.—The plaintiff, Los Angeles Lime Company, brought two actions to recover on contractor's bonds for materials furnished and used on street-grading contracts, alleged to have been executed by one H. C. Withers and the sureties named, under the Street Improvement Act of 1913 [Stats. 1913, p. 954]. In each case the materials were furnished to H. C. Withers. The contracts were with the city of Los Angeles and were executed in the name of H. O. Withers, as contractor, and the statutory bonds sued on here were executed in the name of H. O. Withers as principal, with defendants Martha McLain and Katherine Ludwig as sureties in one instance and defendants James M. Wads-

worth and John Hayes as sureties in the other, but suit is brought upon them naming H. C. Withers as principal.

The name of H. O. Withers was signed to both contracts and both bonds by H. C. Withers. It does not appear from either the pleadings or the findings of the court that this was done with the knowledge or consent of H. O. Withers, and the sureties deny in their answers, and it is so found by the court, that they, or any of them, knew that H. O. Withers was not the real party in interest, and it is alleged and found that they signed as sureties in the belief that H. O. Withers was the actual principal and real party in interest on both the contracts and the bonds. This finding is sufficiently sustained by the evidence.

In reality, H. C. Withers was the real party in interest, and executed these instruments and prosecuted the work under the contracts for his own sole benefit as is alleged in the plaintiff's pleadings and found by the court. H. O. Withers is his son and was employed by the father on these street contracts, but had no other interest therein, and was not made a party to the actions. H. C. Withers used his name for his own personal reasons.

[1]   We are unable to see on what theory these sureties can be held liable on a bond which they never entered into and for a principal for whom they never assumed liability. Surely, a surety has the right to choose the principal for whose obligations he becomes liable, and it is no answer to say that some undisclosed party to the contract may be a safer risk than the ostensible one.

The sureties here, for reasons of their own, may have been willing to assume responsibilities for the son when they would not for the father.

There is some evidence in the record that H. O. Withers had authorized his father to use his name in executing these contracts, but, as pointed out, no such authorization is pleaded, or found by the trial court, and no attempt was made by the plaintiff to make him a party defendant, the father, H. C. Withers, being named as principal in both actions.

On the record here shown the sureties would be without recourse against their ostensible principal if judgment was given against them.

In short, the bonds sued upon, as alleged and proven, are not the contracts executed by the defendant sureties.

[2] It is entirely immaterial in this connection that the statutory bond under the street improvement acts is for the benefit of all persons furnishing materials and supplies for use on the improvement, and the cases of *Williams* v. *Tingey,* 26 Cal. App. 574, [147 Pac. 584], and *Hub Hardware Co.* v. *Aetna etc. Co.,* 178 Cal. 264, [173 Pac. 81], have no bearing under the circumstances of this case. There must be in the first instance a valid statutory bond imposing this liability .on the sureties before such a result can follow. It devolves on a materialman seeking to recover on such a liability to show such a bond. In these cases the plaintiff materialman has failed to show the bonds *alleged in the complaint.* To the contrary, it has shown that its only claim against the sureties here is based on bonds given by them for a different principal, without any knowledge that there was any other principal or real party in interest in so far as the street improvement contract was concerned.

The determination of the trial court under its findings was correct. We are not inclined to regard the technical objections made by the respondents to the consideration .of this appeal as meritorious; but our position upon this matter is of no consequence to the respondents in view of our determination that the judgment should be affirmed.

The judgment is affirmed.

Sloane, J., Angellotti, C. J., Olney, J., Shaw, J., Wilbur, J., Lawlor, J., and Lennon, J., concurred.